Hogan, J.
This is a proceeding in the nature of a mandamus brought pursuant to article 78 of the Civil Practice Act whereby the petitioners, members of the planning board of the Town of Huntington, seek an order compelling the supervisor of the Town of Huntington to pay all salaries provided for them in the town budget for the year 1955, which have remained unpaid since August 15, 1955. The withholding of these salaries appears to be based upon a challenge by one Albert M. Levert, a taxpayer of the town, who contends that it is not authorized or empowered under the law to pay salaries to members of its planning board.
A town is a municipal corporation created for the purpose of exercising and discharging duties of local government and the administration of the public affairs of the area within its confines. All its powers are conferred by statute (Holroyd v. Town of Indian Lake, 180 N. Y. 318). Section 271 of the Town Law authorizes a town board of any town to create a planning board consisting of no more than seven members. Other sections clothe it with certain powers and impose certain duties upon it. No one can question the fact that it performs a function which, to a town such as Huntington, is of vital importance.
Section 27 provides that “ 1. The town board of each town shall fix, from time to time, the salaries of all officers, officials and employees of said town, whether elected or appointed, and determine when the same shall be payable, * * * Such sql *1065 aries shall be in lieu of all fees, charges or compensations for all services rendered to the town or any district or subdivision thereof, pursuant to law
By any reasonable definition the petitioners are employees of the town within the generic meaning of the term employee (De-Raef Corp. v. United States, 70 F. Supp. 264, 269, 270). Further, they are ‘ ‘ public officers ’ ’ as defined in Rowland v. Mayor (83 N. Y. 372) wherein it was said (p. 376): “ Whether we look into the dictionary of our language, the terms of politics, or the diction of common life, we find that whoever has a public charge or employment, or even a particular employment affecting the public, is said to hold or be in office. However, therefore, the signification of the word used is ascertained, it will comprehend the position of the plaintiff as stated upon the record; for although his functions may be those of service, his employment is by the public, and the duties intrusted to him are official and a public charge.”
At this point it would seem that the petitioners have a clear right to the relief they seek. However, the respondent maintains that a certain ambiguity has been created by the following additional provision contained in the aforesaid section 271: “ In .any town of the first class in a county containing not more :than three towns and adjoining a city having a population iof one million or more, the town board may also provide for (Compensation to be paid to the members of the planning board. ’ ’
He relies upon a letter from the afore-mentioned taxpayer to support this position, the substance of which letter appears fo be that the inclusion of these words, which refer, of course, to Nassau County, indicate a legislative intent that only in Nassau County may members of a town planning board be compensated. The letter offers the following quotation from the case of Hardmann v. Bowen (39 N. Y. 196, 199) in support of this contention: ‘ ‘ It is a maxim of the law, that if an affirmative statute, which is introductive of a new law, direct a thing to be done in a certain manner, that thing shall not, even although there are no negative words, be done in any other manner.”
This letter refers to, and summarily rejects, an opinion of the Comptroller of the State of New York rendered in 1951 (Opinions of Comptroller Relating to Municipal Government, Vol. 7, p. 191), wherein he held (p. 192): “Members of a town planning board (including the chairman thereof), may be paid compensation fixed by the town board pursuant to subdivision 1 of section 27 of the Town Law.”
*1066 The taxpayer’s letter concludes with the statement that: “ In view of the foregoing, the Comptroller’s opinion is unsound, not to say extraordinary. Other arguments advanced by him are contrary to other principles of statutory interpretations which would take me too far afield at this time; it suffices to say that these arguments wipe out the statute contrary to the principle that a statute may not be wiped out by interpretation.”
This conclusion must be rejected for many reasons. First, there is not contained in section 271, an express repeal of the provision of section 27 that a town board of any town shall fix the salaries of all officers, officials and employees of said town. Second, section 271 need not be regarded as a repealer by implication, since it can be considered, with at least equal logic, to be merely cumulative in effect. It is not necessary to fathom the purpose of the Legislature in making this provision referrable only to Nassau County. Suffice it to say that no words of express repeal or limitation of section 27 were employed. Third, the interpretation advanced by the taxpayer is contrary to every sound rule of construction. The Village Law (which closely parallels the Town Law insofar as zoning and planning are concerned) provides (§ 86, subd. 3) that: “ The board of trustees [of any village] may fix the compensation and further declare the powers and duties of all other village officers or hoards ”. (Italics supplied.) It is inconceivable that the Legislature intended to permit planning boards in every village in the State to receive compensation, but to deny compensation to the planning board of every town save the three towns in Nassau County. Such a distinction would be discriminatory, invidious and senseless. It is a self-evident fact that the petitioners labor at least as hard and perform a function just as important to the Town of Huntington as do the members of the planning board of any village in the State. An intent patently absurd is not to be attributed to the Legislature, nor may it be charged with an act which will operate harshly or unjustly. If a statute conceivably has such effect, some other construction is to be sought if possible (Flynn v. Prudential Ins. Co., 207 N. Y. 315, 318; Westchester Co. Soc. for Prevention of Cruelty to Animals v. Mengel, 266 App. Div. 151; McKinney’s Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 145).
Further, it is a firm rule of statutory construction that if by any fair construction, whether strict or liberal, a reasonable field of operation can be found for two possible conflicting acts, that construction should be adopted.
*1067 This has been set forth by the Court of Appeals in Cimo v. State of New York (306 N. Y. 143,148-149) as follows: “As we know, repeal by implication is not favored and will be decreed only where a clear intent appears to effect that purpose ’ * * * Such repeals will not be discovered unless the conclusion is unavoidable, as when repugnancy between the two statutes is plain * * * The absence of an express provision in a later statute, for repeal of an earlier one, gives rise to a presumption that repeal was not intended * * * If by any fair construction, both statutes can be given operation, implied repeal will not be declared ’ ’.
It is to be noted that both section 27 and section 271 were amended at the same session of the Legislature in 1941 (L. 1941, chs. 601, 604). It has been held that in such case, the courts will give them such construction as will make both effective. “ Statutes passed at the same session of the legislature may not be construed as inconsistent if they may fairly be read otherwise.” (40 A. L. R. 792; see, also, McMaster v. Gould, 240 N. Y. 379, 384.)
Applying these principles of construction to subdivision 1 of section 27 and section 271 of the Town Law, the court reaches the conclusion that the latter in no way limits the power granted by the former to the Town of Huntington to pay salaries to the members of its planning board..
Accordingly, the petition is granted and the respondent supervisor is directed to pay to the petitioners, the salaries provided in the town budget for the year ending December 31, 1955.
Settle order on notice.