Burke, J.
The State Comptroller has refused a discontinued service allowance to the petitioner, a member of the New York State Retirement System. The Comptroller, after a hearing, disapproved the application, finding that the petitioner “ vacated his position as Captain of Police by his refusal to accept reinstatement when it was tendered to him on May 6, 1953 ”. The Appellate Division unanimously confirmed the denial of the application.
A member of the classified civil service who was discontinued from service while a member, through no fault or delinquency on his part, may receive a retirement allowance (Civil Service Law, § 77).
The petitioner prior to January 2, 1950 held the position of police captain in the city of Buffalo in classified civil service. On that day he was appointed deputy commissioner of police, a position in the exempt class. On March 26, 1952, a judgment of conviction of bribery and taking of unlawful fees was entered against the petitioner. The judgment of conviction was thereafter reversed (People v. Pauley, 281 App. Div. 223), and the indictment dismissed. The petitioner then requested reinstatement as deputy police commissioner which was refused.
A proceeding pursuant to article 78 of the Civil Practice Act, brought in the Supreme Court seeking reinstatement as deputy commissioner, or in the alternative as captain of police (Matter of Pauley v. Noeppel, 1 Misc 2d 928) and opposed by the police commissioner, resulted in a dismissal of the petition. Special Term held that vacancies occurred in the offices of police captain and deputy commissioner of police upon the conviction of the petitioner of a felony (Public Officers Law, former § 30, subd. 5; Matter of Obergfell, 239 N. Y. 48). The court found that the Civil Service Law and the Charter of the City of Buffalo pertaining to the removal from office of civil service *264 employees were inapplicable as the vacature was operative immediately upon conviction.
The respondent is bound by that decision. The commissioner, having successfully prevented the reinstatement of the petitioner, has not been entrusted by any other statute with the power to reappoint the petitioner as a police captain.
The petitioner’s rights under the Charter of the City of Buffalo and under the Rules for Classified Civil Service could not be effectively exercised. Section 222 of the Charter of the City of Buffalo provides that the petitioner must be restored to the position of captain before removal from the office of deputy commissioner. Such restoration to office, it is conceded, did not take place. Furthermore, the petitioner was prevented from serving continuously in the exempt or noncompetitive class from the date of separation from the competitive class, because both his offices were deemed vacant as a consequence of his conviction. Therefore, the right to restoration to a position in the competitive class was lost (Rules for Classified Civil Service, rule XVI, subd. 3). By the determination in the article 78 proceeding, the petitioner’s right to discontinued service is vested, as his employment was construed as terminated by operation of law. The order entered in that proceeding fixed petitioner’s status as an employee severed irrevocably from service. Since there is no independent proof of misconduct, no finding could be made of fault or delinquency.
The ouster of the petitioner from the office of police captain, followed by the successful action by the police commissioner in preventing restoration of the petitioner to that office, refutes the finding of the State Comptroller of a refusal on the part of the petitioner of reinstatement. The conclusion of the State Comptroller that the petitioner refused reinstatement failed to give effect to the plain meaning of the petition for reinstatement addressed to the Supreme Court.
Accordingly the order of the Appellate Division should be reversed, the determination of the State Comptroller annulled, and the application of petitioner for discontinued service retirement benefits under section 77 of the Civil Service Law granted.
Conway, Ch. J., Desmond, Dye, Fuld, Fboessel and Van Voobhis, JJ., concur.
Order reversed, etc.