Milton Alpert, J.
This is a motion by claimant for summary judgment and a cross motion by the State seeking dismissal of the claim.
Claimant was elected to the office of Justice of the Supreme Court for the Eleventh Judicial District in the general election of 1971 for a term commencing January 1, 1972. Between the date of his election and the commencement of his term, claimant took and filed his oath of office and thereafter was indicted on felony charges in Federal court. At his request, the Presiding Justice of the Appellate Division, Second Department, relieved claimant of any judicial assignments until disposition of the charges against him.
On March 23,1972, a Federal District Court jury found claimant guilty and on August 9, 1972 he was sentenced. An appeal from the conviction was taken by the claimant and the conviction was affirmed on March 5, 1973. Claimant resigned from his office on March 7, 1973.
Claimant has filed a claim* seeking his salary and fringe benefits for the period from March 23, 1972, the date up to which his salary was paid, until March 7, 1973, the date of his resignation. Alleging that no triable issue of fact exists, claimant here moves for summary judgment.
*622 Claimant’s contention is that section 30 (snbd. 1, par. e) of the Public Officers Law, which provides that an office shall be vacant upon conviction of the officeholder of a felony or a crime involving a violation of his oath of office, does not apply to a Justice of the Supreme Court, by reason of the facts (1) that section 5 of article XIII of the Constitution of the State of New York grants to the Legislature the power to provide for removal for misconduct of all officers, except judicial, whose powers and duties are not local or legislative; (2) that section 6 of article XIII of the Constitution of the State of New York grants the Legislature power to declare an office vacant when no provision -is made for that purpose in the Constitution; and (3) that such constitutional provision is made by section 22 of article VI of the Constitution of the State of New York which created the Court on the Judiciary, thus providing the sole method for removal from office of a Justice of the Supreme Court. As the Court on the Judiciary never convened or took removal action with respect to the charges against him, it is claimant’s contention that his salary and fringe benefits were due and owing up to the date of his resignation.
Initially, the State raised the question of jurisdiction of the Court of Claims to hear and determine this claim. The subject issue concerns the salary of a Justice of the Supreme Court. In Friedman v. State of New York (24 N Y 2d 528), there was certified to the Court of Appeals the question of whether the Court of Claims had jurisdiction of the subject matter (judicial salaries of Supreme Court Justices) and at page 534 of its decision, the Court of Appeals answered the certified question in the affirmative. Thus, on the basis of Friedman v. State of New York (supra), this court finds that the Court of Claims has jurisdiction of the subject matter.
• The State then raised the question of timeliness of the filing of the claim. Section 10 of the Court of Claims Act sets forth the time requirements for filing claims, and subdivision 4 of said section would appear to apply to the instant claim.
The court finds that any obligation the State has to a Supreme Court Justice by way of salary is not based on contract, express or implied, but is by way of constitutional direction as compensation to an.elected official (N. Y. Const., art. VI, §§ 6, 25). Thus, that portion of subdivision 4 of section 10 of the Court of Claims Act, as it applies to a contract, is inapplicable; but that portion which states “ any other claim not otherwise provided for by this section ’ ’ does apply and the six-month period after accrual of the claim applies to the instant claim. No notice *623 of intention as provided by subdivision 4 of section 10 which in effect would extend the time to file a claim under said section, has been filed by claimant. The question then arises as to when claimant’s claim, if indeed one exists, arose. Following his resignation from office, and on April 10, 1973, claimant, acting through his attorney, requested of the Comptroller of the State of New York a “ final determination of what position your office will take of the salaries due Mr. Thaler up to and until the date of resignation”. The Comptroller replied by letter dated April 16, 1973. that on the basis of an opinion of the Attorney-General, a copy of which was attached to the Comptroller’s letter, the advice therein was followed. No copy of the Attorney-General’s opinion has ¡been delivered or provided to the court, but the court concludes that the office was considered vacant as of March 23,1972 on the basis of such opinion and that no salary should be or was to be paid for service thereafter.
It would appear to the court that the claimant had a possible cause of action for salary accrued after March 23, 1972 subject, of course, to the State’s defenses. Certainly, such cause of action accrued when he was advised by the Comptroller on April 16,1973 that no payments would be made for service after March 23, 1972. Thus claimant’s claim, filed over six months after notification by the Comptroller that no payments would be made for service after March 23, 1972, is untimely and must be dismissed. The alleged demand made by claimant, again acting through his attorney, on December 7, 1973, did not start, revive or extend the time.
The court finds that claimant was advised in April of 1973 that no further payments would be forthcoming and that any possible cause of action which claimant had with respect to salary after March 23, 1972 accrued at that time.
Assuming, however, that the claim was timely filed, the court now turns to consider claimant’s argument with respect to the various- sections of the Constitution of the State of New York as above set forth.
The court finds that section 22 of article VI of the Constitution of the State of New York (the Court on the Judiciary) is not the sole method for the removal of a judicial officer from his office. An impeachment process by the Legislature is also provided for removal. Thus, the Court on the Judiciary is but one method to remove a Judge from office for cause, but is not the sole method as contended by claimant (N. Y. Const., art. VI, §§ 22, 23, 24). There is still another constitutional provision *624 that is applicable. Section 20 of article VI of the Constitution of the State of New York provides that no person may assume the office of a Justice of the Supreme Court unless he has been admitted to practice law in the State at least 10 years. “ Assume ” is defined as taking over the duties and responsibilities of the office (Random House Dictionary of the English Language, Unabridged ed.). The duties and responsibilties of the office of Justice of the Supreme Court, therefore, can be discharged only by an attorney admitted to practice law in the State of New York at least 10 years.. The court finds that the word “ assume ”, as here used, was intended to imply continuity and that to continue to serve as a Justice of the Supreme Court, the occupant of the office must continue to be an attorney admitted to practice law in the State. Here, it is a constitutional provision that imposes this requirement. Thus, even under claimant’s approach that a constitutional provision is necessary, there is here such a provision under which his office became vacant upon his conviction of a felony.
Subdivision 4 of section 90 of the Judiciary Law provides that if an attorney shall be convicted of a felony, he shall, upon such conviction, cease to be an attorney. Accordingly, under this statutory provision, claimant, upon being convicted of a felony, ceased to be an attorney. No further action by any tribunal or agency was required to effectuate claimant’s disability to practice law (Matter of Ginsberg, 1 N Y 2d 144). No longer being an attorney and not being permitted to practice law, claimant could not hold the office of a Justice of the Supreme Court and legally was unable to discharge the duties and responsibilities of the office of Justice of the Supreme Court. In fact he had, in legal contemplation, actually vacated that office.
Section 30 of the Public Officers Law is derived from article XIII of the Constitution of the State of New York pursuant to the grant of such power to the Legislature. Section 6 of article Xin did not restrict legislative power, but made it the duty of the Legislature to act in respect to cértain officers,- and to that extent it was deprived of its discretionary power. This did not deprive or prohibit the Legislature from exercising the power which it possessed as to other officers (see Matter of Donnelly v. Roosevelt, 144 Misc. 525, 529).
Section 30 (subd. 1, par. e) of the Public Officers Law provides that every office held by a public officer shall be vacant in the event of conviction of the officeholder of a felony or a crime involving a violation of his oath of office — the section does, not speak in terms of removal. Section 2 of the Public *625 Officers Law provides that a Justice of the Supreme Court is a State officer.
Thus, we see that the constitutional Court on the Judiciary and the constitutional impeachment process concern themselves with removal of judicial officers for various grounds. As noted above, section 20 of article VI of the Constitution deals with the creation of a vacancy in the office of Justice of the Supreme Court. Section 30 of the Public Officers Law treats with the creation of vacancies, with resignation and removal being but two ways of creating a vacancy. There is an obvious difference, recognized by the Legislature, between vacancy and removal. “ Vacancy ” is described as an unoccupied position or office, and “ removal ” is described as a dismissal from office (Random House Dictionary of the English Language, Unabridged ed.).
We find that section 5 of article XIII of the Constitution of the State of New York is mandatory in part and permissive in .part; and that section 6 of such article is permissive. Under the permissive portion, the Legislature has enacted section 30 of the Public Officers Law and paragraph e of subdivision 1 of such section therefore applies to claimant in the instant claim.
Based on the above analysis of constitutional and statutory provisions of law, the court finds that upon his conviction of a felony, the office held by claimant became vacant by operation of law and no salary or fringe benefits were thereafter due.
In Keogh v. Wagner (20 A D 2d 380, affd. 15 N Y 2d 569), it, was held that conviction occurs not at the time of a jury verdict of guilty, but rather at the time of sentencing. However, this was changed by statute prior to the instant case. The CPL, effective September 1, 1971 now provides, in a case such as the instant one, that conviction occurs at the time of the jury verdict of guilty (CPL 1.20, subd. 13). Accordingly, claimant’s office was vacated on March 23, 1972 when the jury came in with its verdict of guilty. As was noted above, claimant has been paid his salary up to the date of the jury verdict, namely, March 23, 1972.
Accordingly, in accordance with the preceding decision the motion of the claimant for summary judgment is denied and the defendant’s cross motion to dismiss is granted (1) on the basis that the claim was not timely filed and (2) on the merits.

 February 22, 1974.