In the Matter of GIOANNA I. LA CARRUBBA, Respondent, v JOHN V. N. KLEIN, as County Executive of Suffolk County, et al., Appellants.

Second Department, August 11, 1977

100

*Howard E. Pachman, County Attorney (Anton J. Borovina of counsel), for appellants.*

*Catterson & Nolan* for respondent.

SHAPIRO, J. Petitioner-respondent La Carrubba is a Judge of the District Court of Suffolk County, having been elected to that office for a six-year term on November 5, 1974. In April, 1976 petitioner was charged with the crime of official misconduct (Penal Law, § 195.00), a misdemeanor (three counts). Shortly thereafter, she was suspended from her judicial duties, with pay. On December 16, 1976 she was convicted by jury of one count of official misconduct. Sentence was imposed on February 1, 1977 and an appeal is presently pending from that judgment of conviction.

On December 30, 1976 the County Attorney notified the County Comptroller, among others, that in his opinion, petitioner's judicial seat became automatically vacant upon her conviction, pursuant to section 30 (subd 1, par e) of the Public Officers Law, and that, accordingly, her salary and benefits had terminated on December 16, 1976. Apparently, through

an oversight, her salary was paid from that date to December 26, 1976, but no further payments were made to her thereafter.

In late January, 1977 petitioner instituted this article 78 proceeding to annul the County Attorney's directive and for reinstatement of her office and salary. The county opposed and counterclaimed for $938.70, constituting salary allegedly paid petitioner in error from December 16 to 26, 1976. Special Term granted the petition and dismissed the counterclaim. We affirm.

The question for our determination is whether paragraph e of subdivision 1 of section 30 of the Public Officers Law, which declares that an office becomes vacant upon the officeholder's "conviction of a felony, or a crime involving a violation of his oath of office" (we assume, for purposes of this appeal, that a conviction for official misconduct falls within the latter category), is applicable to judicial officers.

The provisions dealing with our State judiciary are found in article VI of the New York State Constitution. Sections 1 through 19 deal with the establishment and organization of the Unified Court System and the organization and jurisdiction of the specific courts included therein. Section 20 deals with the necessary qualifications for persons eligible to hold judicial office (the number of years a person assuming judicial office has been admitted to practice law in this State), and it also contains a ban against holding other public or political office or engaging in the practice of law. Section 21 provides for the filling of vacancies occurring otherwise than by expiration of the Judge's term, via elections, but nowhere does it treat with the subject of how or when such vacancies are created. Indeed, all of article VI contains but a single reference to the creation of a *vacancy* in a judicial office. That is found in paragraph (2) of subdivision b of section 20, which provides that if a Judge or Justice does not resign his judicial office within 10 days after his acceptance of the nomination for a nonjudicial office, his judicial office shall become vacant and the vacancy shall be filled in the manner provided for in section 21.

Sections 22 through 24 concern the *removal* of judicial officers. Three methods are set forth: impeachment by the Assembly and conviction by the Senate (§ 24); removal by the Senate on recommendation of the Governor for cause, after notice of the charges and an opportunity to be heard (Judges

of the Court of Appeals and Justices of the Supreme Court may be removed by concurrent resolution of both houses) (§ 23); and, what is today the most commonly known and used method, removal for cause by the Court on the Judiciary (§ 22). Section 22, only recently amended effective September 1, 1976 (art VI, § 36-c), provides that any Judge or Justice of the Unified Court System may be censured, suspended or removed for cause, including, *inter alia,* misconduct in office (subd a). Further, and of extreme importance in resolving the issue before us, is the fact that it also provides (subd i) that a "judge or justice may not exercise the powers of his office while charged with a felony or while a proceeding for his removal or retirement by the court on the judiciary is pending" and *"may not exercise the powers of his office nor receive his judicial salary upon pleading guilty to or being found guilty of a felony pending review of the conviction by a court of appellate jurisdiction."* (Emphasis supplied.) If the language of subdivision 1 means anything, it seems clear that what it is saying is that there is no automatic forfeiture of office or *automatic vacancy* upon conviction of a felony. Rather, it presupposes that the judicial office is still held by the incumbent, disabling him only from exercising its powers but permitting him to receive his salary up to the time he has been convicted.

Further light on what our determination here should be may be found in the provisions of article XIII of the Constitution, which deals with "Public Officers". Section 5 thereof declares that "[p]rovision shall be made by law for the removal for misconduct or malversation in office of all officers, *except judicial,* whose powers and duties are not local or legislative and who shall be elected at general elections, and also for supplying vacancies created by such removal" (emphasis supplied). Section 5 thus prohibits the Legislature from providing by law for the removal of judicial officers. Section 6 of article XIII of the Constitution provides that the "legislature may declare the cases in which any office shall be deemed vacant *when no provision is made for that purpose in this constitution"* (emphasis supplied). Appellants contend that because section 6 does not expressly except judicial officers from its reach, and because there is a distinction between vacancy and removal, the declaration of an automatic vacancy in office upon conviction of a felony or a crime involving the violation of the oath of office contained in paragraph e of

subdivision 1 of section 30 of the Public Officers Law may be applied to judicial officers. We believe not.

The subject of *removal* of judicial officers is governed exclusively by article VI of the Constitution, for section 5 of article XIII of the Constitution, which gives the Legislature the power to provide by law for removal on grounds of misconduct of public officers, expressly and in unambiguous terms excludes judicial officers from the scope of its embrace.

In the abstract, we agree that there is a difference between vacancy and removal, the latter being but one instance in which an office may become vacant prior to the expiration of the term. However, the declaration of a vacancy upon the officeholder's conviction of a felony or crime involving a violation of his oath of office is, in reality, nothing more than an indirect method of removing the officeholder for cause or misconduct. So viewed, it is section 5 of article XIII not section 6, which governs the situation and, hence, section 30 (subd 1, par e) of the Public Officers Law must be read as inapplicable to judicial officers if it is to be consistent with constitutional mandates *(Matter of Keogh v Wagner,* NYLJ, Dec. 27, 1962, p 12, col 1, affd on other grounds 20 AD2d 380, affd 15 NY2d 569).

Though the question posed in this case is a vexing one, we are reinforced in our conclusion by the provisions of section 22 of article VI of the Constitution, which section, as noted, was only recently adopted, and declares, *inter alia,* that a Judge or Justice of the Unified Court System may not exercise the powers of his office or receive his judicial salary pending judicial review of his conviction for a felony. As previously noted, that provision manifestly contemplates the continuance of the incumbent in his judicial *office through appellate review of his conviction* or, stated another way, a nonvacatur of the office upon conviction of a felony, much less of a misdemeanor as in the case of the respondent here.

That the Legislature has recognized its constitutional inability to impose an automatic vacatur of judicial office under such circumstances is further demonstrated by the proposed amendment of section 22, which is presently awaiting second passage in the Legislature. That amendment specifically provides, in subdivision e thereof, that a Judge or Justice of the Unified Court System may be suspended by the Court of Appeals pending determination of a felony charge, that the suspension shall continue upon conviction, and that he shall

be removed from office if the conviction becomes *final*, but adds that upon reversal of the conviction and dismissal of the accusatory instrument, the suspension shall be terminated. Subdivision g provides that a Justice suspended by the Court of Appeals shall receive his judicial salary during suspension unless the court directs otherwise and that if the court has so directed and the suspension is terminated, the court may direct that he receive his salary for such period of suspension (see 1976-77 Pocket Part to McKinney's Cons Laws of NY, Book 2, Constitution, arts I to II, pp 13, 14). A clearer legislative recognition of the nonapplicability of the automatic vacancy statute (Public Officers, § 30, subd 1, par e) to judicial officers could hardly be imagined.

We are constrained to conlude therefore that paragraph e of subdivision 1 of section 30 of the Public Officers Law does not and never was intended by the Legislature to apply to judicial officers. Therefore, petitioner is entitled to retain her judicial office until expiration of her term or the sooner occurrence of some other contingency, such as resignation or removal, which would properly bring about a vacancy in the office which she now holds.* The judgment should therefore be affirmed.

Suozzi, J. (concurring). I concur with the majority only with respect to the result reached.

The majority holds that paragraph e of subdivision 1 of section 30 of the Public Officers Law, which provides that the office of a public officer "shall be vacant upon * * * [h]is conviction of a felony, or a crime involving a violation of his oath of office" does not, and never was intended by the Legislature to, apply to judicial officers, by reason of the exclusive constitutional provisions relating to removal of Judges (NY Const, art VI, §§ 22, 23, 24; art XIII, § 5). Since petitioner herein, an elected Judge of the District Court, and concededly a public officer, was convicted of a misdemeanor involving a violation of her oath of office, and has not otherwise been removed by any of the constitutional mechanisms

---

* We note in passing the anomaly presented by the provisions of section 22 of article VI of the Constitution in its present form, and which are even made more explicit in the provisions of its proposed amendment, which provide for continuance in office by a Judge convicted of a felony pending judicial review of his guilt, and the fact that as a lawyer he is automatically disbarred upon such a conviction (Judiciary Law, § 90, subd 4) and that even a reversal on appeal does not permit his automatic reinstatement as a lawyer (see *Matter of Barash*, 20 NY2d 154; *Matter of Ginsberg*, 1 NY2d 144).

for removal of Judges, the majority takes the view that she is entitled to retain her judicial office until the expiration of her term, her resignation, or her removal from office pursuant to relevant constitutional provisions, whichever contingency may occur sooner.

I concur in the result reached by the majority solely on the ground that the present language of subdivision 1 of section 22 of article VI of the New York State Constitution (eff Sept. 1, 1976, see art VI, § 36-c), precludes the creation of an automatic vacancy pursuant to the Public Officers Law in the office of a Judge or Justice who has been convicted of a felony or a misdemeanor involving his oath of office, but who has not had his conviction reviewed by a court of appellate jurisdiction. Subdivision i of section 22 of article VI of the New York State Constitution provides, *inter alia,* that a "judge or justice may not exercise the powers of his office nor receive his judicial salary upon pleading guilty to or being found guilty of a felony pending review of the conviction by a court of appellate jurisdiction." Since this provision, as the majority correctly notes, "manifestly contemplates the continuance of the incumbent in his judicial office through appellate review of his conviction" (unless he is otherwise removed pursuant to the Constitution) "or, stated another way, a nonvacatur of the office upon conviction of a felony, much less of a misdemeanor", and in view of the fact that petitioner's salary has not been suspended pursuant to any constitutional provision, statute or directive of any body empowered to remove her (cf. art VI, § 22, subd i; *Pfingst v State of New York,* 85 Misc 2d 689), the petition was properly granted and respondents' counterclaim properly dismissed by the Special Term.

However, I disagree with so much of the majority's opinion as holds that an automatic vacancy can never be created in a judicial office pursuant to section 30 (subd 1, par e) of the Public Officers Law. Rather, it is my view that an automatic vacancy is created in a judicial office pursuant to that section when a Judge is convicted of a felony or a misdemeanor involving his oath of office *and* that conviction has been either affirmed upon appellate review or otherwise finalized by virtue of a dismissal of the appeal for failure to perfect, or the Judge's failure to timely file a notice of appeal.

### THE LAW

The Constitution of the State of New York provides for the

removal of judicial officers by three methods: (1) impeachment by the Assembly and conviction by the Senate (art VI, § 24); (2) removal by the Senate on recommendation of the Governor for cause, after notice of the charges and an opportunity to be heard (art VI, § 23; Judges of the Court of Appeals and Justices of the Supreme Court may be removed by concurrent resolution of both houses); and (3) removal by the Court on the Judiciary, for cause, the most commonly used method. In describing the latter method of removal, subdivision a of section 22 of article VI provides as follows: "a. Any judge or justice of any court in the unified court system may be censured, suspended or removed for cause, including, but not limited to, misconduct in office, persistent failure to perform his duties, habitual intemperance and conduct, on or off the bench, prejudicial to the administration of justice, or retired for mental or physical disability preventing the proper performance of his judicial duties after due notice and hearing as hereinafter provided."

Section 30 of the Public Officers Law (originally enacted in the late 19th century) provides that:

"1. Every office shall be vacant upon the happening of one of the following events before the expiration of the term thereof:* * *

"e. His conviction of a felony, or a crime involving a violation of his oath of office".

This statute was enacted pursuant to the grant of legislative power found in section 6 of article XIII of the New York State Constitution, which provides, without any exception for judicial officers, that the "legislature may declare the cases in which any office shall be deemed vacant when no provision is made for that purpose in this constitution."

Numerous cases dealing with the application of section 30 (subd 1, par e) of the Public Officers Law indicate that it was not meant as a punishment for the offense, but rather as an automatic limitation upon the duration of the incumbent's office based on the concept that one convicted of a felony shall not retain a post of honor (*Matter of Obergfell,* 239 NY 48; *Matter of Pauley v McGovern,* 1 NY2d 261; *Matter of Breslin v Leary,* 35 AD2d 794).

Under these circumstances, it is my view that prior to the adoption of subdivision i of section 22 of article VI, effective September 1, 1976, a common-sense and logical approach to the removal provisions of the Constitution and section 30

(subd 1, par e) of the Public Officers Law produced the following harmonious result: Judges could be removed for cause at any time pursuant to the removal provisions of the Constitution, subject to the limitation or amplification of paragraph e of subdivision 1 of section 30 of the Public Officers Law that when the Judge's misconduct rose to a level which culminated in a conviction of a felony or a misdemeanor involving his oath of office, the office automatically became vacant, and there was no need for any of the bodies empowered under the Constitution to remove him, to convene at all, or continue their deliberations, if any.

This approach to the removal provisions of the State Constitution and specifically to section 22 of article VI prior to its amendment effective September 1, 1976, and to section 30 (subd 1, par e) of the Public Officers Law finds support in subdivision 4 of section 90 of the Judiciary Law and section 6 of article XIII of the Constitution. The former statute provides that if an attorney shall be convicted of a felony he shall cease to be an attorney. Since admission to the Bar for various lengths of time is a prerequisite to assuming the Bench and discharging the duties and responsibilities of judicial office (NY Const, art VI, § 20), it would appear that any interpretation of section 30 (subd 1, par e) of the Public Officers Law which excluded Judges from its ambit would be, to say the very least, most illogical.[1]

Section 6 of article XIII of the State Constitution provides that the "legislature may declare the cases in which any office shall be deemed vacant *when no provision is made for that purpose in this constitution"* (emphasis supplied). However, the Constitution only once mentions the creation of a vacancy in judicial office, which occurs when a judicial officer accepts the nomination to a nonjudicial office without resigning (NY Const, art VI, § 20, subd b, par [2]).

Moreover, in view of the interrelationship between section 22 of article VI prior to September 1, 1976, and section 30 (subd 1, par e) of the Public Officers Law as heretofore

---

1. The majority recognizes that subdivision 4 of section 90 of the Judiciary Law is inconsistent with subdivision i of section 22 of article VI of the Constitution insofar as the latter section allows Judges who are convicted of felonies to continue in office (unless otherwise removed) pending appellate review. However, it can be argued that this inconsistency is more apparent than real, in view of the fact that a Judge who has been convicted of a felony may not, under subdivision i of section 22 of article VI of the Constitution, exercise his oath of office, or receive his pay; in short, he is a Judge in name only.

described, it is clear that the concept of a vacancy in an office is separate and distinct from, and cannot be equated with, a removal from office. Therefore, paragraph e of subdivision 1 of section 30 of the Public Officers Law, if held applicable to Judges, would not fall within the stricture of section 5 of article XIII, which prohibits the Legislature from providing by statute for the removal of judicial officers, exclusive provision for removal already having been made therefor in article VI of the Constitution.

All of these factors and considerations were crucial to the holding of the Court of Claims in *Thaler v State of New York* (79 Misc 2d 621, 625 [Nov. 15, 1974]), wherein that court specifically held that upon a Judge's conviction for a felony (or a misdemeanor involving his oath of office), his judicial office becomes "vacant by operation of law" pursuant to paragraph e of subdivision 1 of section 30 of the Public Officers Law (contra *Matter of Keogh v Wagner*, NYLJ, Dec. 27, 1962, p 12, col 1, affd on other grounds 20 AD2d 380, affd 15 NY2d 569). As the court stated in *Thaler* (p 625): "There is an obvious difference, recognized by the Legislature, between vacancy and removal. 'Vacancy' is described as an unoccupied position or office, and 'removal' is described as a dismissal from office (Random House Dictionary of the English Language, Unabridged ed.)."

The majority herein implicitly concedes that an argument can be made in support of the proposition that section 30 (subd 1, par e) of the Public Officers Law applies to judicial officers, when it states that "the question posed in this case is a vexing one". Nevertheless, the majority is "reinforced" in its conclusion that section 30 (subd 1, par e) of the Public Officers Law is totally inapplicable to judicial officers, by virtue of the recent adoption of subdivision i of section 22 of article VI of the Constitution.

In my view, the majority's approach contains a major fallacy.[2] Paragraph e of subdivision 1 of section 30 of the Public

2. I have not addressed myself to one obvious weakness in the majority's argument. Subdivision i of section 22 of article VI, by its specific language, applies only to Judges convicted of felonies and not those convicted of misdemeanors involving their oaths of office. Since a literal reading of this constitutional provision would lead to the anomalous situation whereby a Judge convicted of a felony could remain in office pending appellate review, while a Judge convicted of a misdemeanor involving his oath of office would automatically vacate his office under the Public Officers Law, I have assumed for the purposes of argument that a Judge convicted of a misdemeanor involving his oath of office may also remain in office pending appellate review of his conviction pursuant to subdivision i of section 22 of article VI of the Constitution.

Officers Law embodies two distinct parts: (1) the concept of automatic vacancy itself and (2) that point in time when the vacancy is created.

The majority is of the view that any concept of automatic vacancy with respect to judicial officers which may otherwise be encompassed in the language of that section is negated by subdivision i of section 22 of article VI of the State Constitution. However, the courts should strive to interpret a constitutional provision and a legislative enactment in a reasonable manner which will harmonize one with the other (cf. McKinney's Cons Laws of NY, Book 1, Statutes, § 98). Subdivision i of section 22 of article VI can just as easily be construed so as to only affect the timing of the creation of automatic vacancies in judicial office otherwise provided for in section 30 (subd 1, par e) of the Public Officers Law. Stated another way, the statute and the constitutional provision may be construed together harmoniously as providing that a Judge remains in office pending judicial review of his conviction for a felony or a misdemeanor involving his oath of office (if he is not otherwise removed) and that upon an affirmance of his conviction by a court of appellate jurisdiction or upon dismissal of his appeal for failure to perfect, or upon his failure to timely file a notice of appeal, his office automatically becomes vacant and constitutional removal procedures need not be initiated or continued at that point.

In adopting this interpretation of paragraph e of subdivision 1 of section 30 of the Public Officers Law we remain faithful to that rule of statutory construction which provides: "If by any fair construction, whether strict or liberal, a reasonable field of operation can be found for two possibly conflicting acts, that construction should be adopted" *(Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 44 AD2d 219, 222; see, also, *Matter of Schulz v Cermak,* 1 Misc 2d 1063; *People v Sheehy,* 204 Misc 281).

CONCLUSION

This interpretation of paragraph e of subdivision 1 of section 30 of the Public Officers Law, i.e., that an automatic vacancy occurs in a judicial office when the holder thereof is convicted of a felony or a misdemeanor involving his oath of office and that conviction is (1) affirmed upon appellate review or (2) becomes final upon dismissal of the appeal, or upon the failure of the Judge to appeal at all, is in accord with statu-

tory rules of construction, logic and common sense. Any interpretation of the latter statute which forever precludes the creation of an automatic vacancy in a judicial office where the holder thereof has been convicted of a felony or misdemeanor involving his oath of office can only unnecessarily add to public disrespect of the judiciary and of the judiciary's power to police itself.

LATHAM, J. P., and HAWKINS, J., concur with SHAPIRO, J.; SUOZZI, J., concurs in the result, with an opinion.

Judgment of the Supreme Court, Suffolk County, entered March 9, 1977, affirmed, without costs or disbursements.