Hon. Arthur Levitt State Comptroller
This is in reply to your letter of July 21, 1978 in which you request my opinion concerning the conviction of Assemblyman David P. Greenberg upon a finding of guilt on June 30 by a jury in the United States District Court for the Eastern District of New York. Mr. Greenberg was found guilty of the crime of filing a false instrument (18 U.S.C. § 1001), a federal felony. You state that you have concluded that under New York law the offense would be a felony, that the jury verdict would constitute a conviction and that consequently you are withholding further payment of salary to Mr. Greenberg. You ask whether this action has been proper.
Public Officers Law, § 30, subd. 1 (e), provides that a public office shall become vacant upon the incumbent's conviction of a felony or of a crime involving a violation of the oath of office. The Court of Appeals has most recently stated in Matter of Toro v. Malcolm, 44 N.Y.2d 146,149:
 "The directive contained in section 30 of the Public Officers Law is clear and unqualified: every public office becomes vacant upon the officer's conviction of a felony. A conviction of the incumbent constitutes an abridgement of the office, automatically terminating its duration."
The question thus becomes whether the federal felony conviction constitutes a felony conviction under New York State law and whether, in fact, a "conviction" has occurred. In Matter of Chu (42 N.Y.2d 490) the Court held that the conviction of an attorney under 18 U.S.C. § 1001
constitutes a felony conviction under the wording of the New York Judiciary Law, and the same result appears warranted herein. Insofar as the effective date of the conviction, the Criminal Procedure Law now provides in section 1.20, subd. 13 that a conviction occurs upon a plea or verdict of guilty. (See Thaler v. State, 79 Misc.2d 621.)
Based upon the facts which you have provided and upon the foregoing authority, I conclude that you have correctly withheld further salary payments from the assemblyman who has been convicted of a felony and whose office has consequently become vacated by virtue of Public Officers Law, § 30.