OPINION OF THE COURT

Per Curiam.

A Judge who prior to the adoption of the 1976 amendments to the judiciary article of the New York State Constitution *274 was convicted of a felony and thus lost his license to practice law and who thereafter never sat as a Judge may not recover the salary of the office, notwithstanding the fact that no proceeding to remove him from office as a Judge has ever been brought.
The facts are uncontroverted. As stated in the papers on plaintiff's motion for summary judgment they are as follows: Plaintiff was appointed a Judge of the Family Court for Nassau County on July 10, 1972 and on November 7, 1972 was elected to a full 10-year term commencing January 1, 1973. Indicted in 1974, he was suspended with pay by the Administrative Judge of the Family Court on April 26, 1974. On December 27, 1974, he was convicted of perjury in the first degree, a felony (Penal Law, § 210.15), and on December 31, 1974 the county ceased paying him his salary. Though his conviction was thereafter affirmed by the Appellate Division (50 AD2d 804) and leave to appeal was denied (38 NY2d 943), no proceeding to remove him from office has ever been brought.
Plaintiff’s complaint demands the salary of the office for the period from January 1, 1975 through August 31, 1976, September 1, 1976 having been the effective date of the amendment to article VI of the Constitution inserting in subdivision i of section 22 the provision that a "judge or justice * * * may not exercise the powers of his office nor receive his judicial salary upon pleading guilty to or being found guilty of a felony pending review of the conviction by a court of appellate jurisdiction.”[1] Special Term felt itself bound by our decision in Matter of La Carrubba v Klein (46 NY2d 1009 [affg on opn at App Div 59 AD2d 99]) and granted plaintiff judgment for salary in the amount of $81,648 but denied interest. The Appellate Division, likewise acting under constraint of Matter of La Carrubba, affirmed on the county’s appeal but on plaintiff’s cross appeal modified the judgment to add interest from August 31, 1976. The present appeal is before us as a matter of right (49 NY2d 878). The order of the Appellate Division should be reversed, with costs, and the complaint should be dismissed (CPLR 3212, subd [b]; Siegel, New York Practice, § 282).
The essence of La Carrubba’s holding was that since section *275 5 of article XIII of our Constitution excepts judicial officers from the Legislature’s power to make provision for removal of a public officer for misconduct, section 30 (subd 1, par e) of the Public Officers Law, which provides that a public office becomes vacant when its incumbent is convicted of a felony or a crime involving violation of his oath of office, cannot be applied to a judicial officer. What is here involved, however, is not an application of the Public Officers Law but of subdivision 4 of section 90 of the Judiciary Law. That subdivision provides that "Any person being an attorney and counsellorat-law who shall be convicted of a felony * * * shall upon such conviction, cease to be an attorney and. counsellor-at-law, or to be competent to practice law as such.” Under that provision disbarment is automatic upon conviction (Matter of Mitchell, 40 NY2d 153; Matter of Barash, 20 NY2d 154; cf. Matter of Gunning v Codd, 49 NY2d 495, 499). There is, thus, no question that plaintiff ceased to be an attorney upon his conviction on December 27, 1974.
The Appellate Division took note in La Carrubba (59 AD2d, note, at p 104) of the anomaly created by the Judiciary Law’s mandate of automatic disbarment and the constitutional provision (art VI, § 22, subd i) quoted above, which continues a Judge in office after conviction of a felony, pending judicial review of his conviction. We need not search for a reconciliation of the two provisions, for unlike Judge La Carrubba, who was not convicted until December 16, 1976, plaintiff was convicted in 1974, long before the language which causes the anomaly was added to the Constitution.
The question thus becomes whether it is a condition of receiving his salary that a Judge continue to be qualified to practice law, absent a constitutional direction (such as article VI, § 22, subd e) explicitly negating such a condition. An affirmative answer to that question results by implication from the requirement of subdivision a of section 20 of that article that to "assume the office of judge” one must have "been admitted to practice law in this state at least ten years.”
Notwithstanding that the last quoted words may be read simply as imposing an experiential requirement, we conclude, as did the Court of Claims in Thaler v State of New York (79 Misc 2d 621, 624), that it was, prior to September 1, 1976, a continuing requirement of the right to receive the salary of judicial office that "the occupant of the office must continue to *276 be an attorney admitted to practice law in the State.” To be remembered is the fact that we deal not with whether a judicial office is vacant or when a judicial officer can be removed from office, but rather whether a judicial officer who by his own actions has disqualified himself as a lawyer can continue to collect the salary of the office, the functions of which he no longer in fact performs. Neither rules of construction nor considerations of policy require the holding that he may.
The Constitution is to be construed, as the Appellate Division noted in Pfingst v State of New York (57 AD2d 163, 165), to give its provisions practical effect, so that it receives "a fair and liberal construction, not only according to its letter, but also according to its spirit and the general purposes of its enactment.” The requirement that to be a Judge one also be an attorney for a given period imports not only the experiential background afforded by the time required but also "the character and general fitness requisite for an attorney” (Judiciary Law, § 90, subd 1, par a). The constitutional requirement that to assume office a Judge must be a lawyer can, therefore, quite properly be viewed as impliedly requiring, in order to protect the integrity of the Judge’s office, that he not only be a lawyer when he assumes office but that he continue to be qualified as a lawyer, not only intellectually but also in character and fitness (cf. Pfingst v State of New York, supra).
Moreover, considerations of policy sustain the interpretation of the Constitution which we hold governs this case, rather than that for which plaintiff argues. It "would invite scorn and disrespect for our rule of law” (Matter of Mitchell, 40 NY2d 153, 156, supra) were we to adopt plaintiff’s interpretation of the Constitution which, carried to its logical conclusion, would require the State or municipality to pay salary to a convicted Judge while he is in jail paying his debt to society for his felonious transgression against its laws. While that alone would not require the construction we now adopt, our conclusion is warranted by its compatibility with the purpose behind subdivision a of section 20 of the judiciary article of the Constitution and with the other provisions of that article. The only other constitutional provision with which there is arguably facial incompatibility is subdivision a of section 25. That subdivision directs that "The compensation of a judge * * * shall not be diminished during the term of office for which he was elected or appointed.” It is not, however, in any *277 true sense of the words a diminishment of a Judge’s compensation to hold that, having both disqualified himself from carrying out the functions of his office and in fact not performed them, he may not require payment to him of the salary to which he would otherwise be entitled. More importantly, the purpose behind the provision against diminishment is to protect the independence of Judges against depredation by legislative control of the purse strings. That purpose suffers not at all by our holding that a Judge who, prior to September 1, 1976,[2] caused himself to be disbarred may not recover the salary of the office in which he did not thereafter serve.
For the foregoing reasons, the order of the Appellate Division should be reversed, with costs, and the complaint dismissed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur in Per Curiam opinion; Judge Wachtler taking no part.
Order reversed, etc.

. That provision has been superseded by further constitutional amendments effective April 1, 1978.

. We need not reach and do not consider the effect on our conclusion of the amendments to article VI of the Constitution relating to suspension from office and suspension of pay, effective September 1, 1976 and April 1, 1978.