Robert G. Conway, Jr. Formal Opinion Counsel No. 2005-F1 Division of Military and Naval Affairs 330 Old Niskayuna Road Latham, New York 12110-2224
Dear Mr. Conway:
You have requested an opinion interpreting section 7 of article III of the New York Constitution as it applies to members of the State Legislature who serve or want to serve in the New York Guard.
Section 7 of article III provides, in relevant part:
 If a member of the legislature be elected to congress, or appointed to any office, civil or military, under the government of the United States, the state of New York, or under any city government except as a member of the national guard or naval militia of the state, or of the reserve forces of the United States, his or her acceptance thereof shall vacate his or her seat in the legislature, providing, however, that a member of the legislature may be appointed commissioner of deeds or to any office in which he or she shall receive no compensation.
You have asked several questions about the application of this provision to legislators who are officers in the New York Guard, as well as to legislators who enlist in the New York Guard. First, you have asked whether a legislator may join the New York Guard without having to vacate his or her legislative seat. If so, you then have asked whether the legislator may accept state military compensation without having to vacate his or her seat. If the legislator may not accept military compensation without vacating his or her legislative seat, you ask whether the legislative seat is vacated by operation of law or whether some affirmative action need be taken to remove the legislator from his or her seat. Finally, if acceptance of state military compensation results in a legislator vacating his or her legislative seat, you have asked whether the legislator who accepts military compensation can correct the condition that would result in vacating his or her legislative seat by repaying to the State the military compensation received while holding a legislative seat.
As explained more fully below, we are of the opinion that legislators may serve in the New York Guard and accept compensation for their service without vacating their legislative seats pursuant to article III, section 7.
I. Background
 A. New York Guard
You have explained that the New York Guard was established in 1917, during World War I, by order of the Governor. See 1918 Annual Report of the Adjutant General 214 (indicating establishment of New York Guard on August 3, 1917).[1] Shortly thereafter, the Legislature passed a law recognizing the New York Guard as a distinct part of the active militia of the State. See
Act of April 16, 1918, ch. 239, 1918 N.Y. Laws 883. The statutes relating to the New York Guard were amended several times over the next three decades,[2] but remained in effect until the Military Law was substantially revised in the 1950s.
Always a separate entity, see 1917 Op. Att'y Gen. 330, 334 ("Organizations created under section 5-a of the Military Law [i.e., the New York Guard] are of course no part of the National Guard . . . ."), the New York Guard was established as an organization that would fulfill the role of the National Guard in the State when the National Guard was called into federal service.[3] See, e.g., 1941 Op. Att'y Gen. 128 ("The obvious purpose of the statute is to bring into being a military force which will fulfill the functions of the National Guard with relation to the State when the latter has gone into Federal service."). Indeed, the 1921 statutory amendment provided that the New York Guard "shall be organized for duty" whenever the National Guard is in federal service and, when the National Guard is released, the Governor "shall . . . designate a date upon which the New York guard shall be discontinued." Ch. 588, § 40, 1921 N.Y. Laws at 1842-43. The law also generally subjected the New York Guard to the same requirements as the National Guard. E.g., id. § 40 ("Except as otherwise provided by this article, the provisions of the military law and regulations in respect to the national guard shall apply to the New York guard."); id. § 43 (all duties imposed or privileges and immunities conferred by state law on the National Guard apply also to the New York Guard except as specifically provided); see also ch. 239, § 41, 1918 N.Y. Laws at 884 (laws regarding commissioned officers in National Guard apply to New York Guard except as specifically provided); id. § 42 (same with respect to enlisted members).
You inform us that the New York Guard was deactivated by the Governor at the end of World War I in 1918. It was activated again in 1940, during World War II, and then was deactivated in 1946. The Guard was reactivated in 1951, during the Korean War, and has remained in active status since then. The portion of the Military Law relating to the New York Guard was significantly revised in 1951. See Act of February 17, 1951, ch. 20, 1951 N.Y. Laws 67. The revised statute gives the Governor full discretion to create or disband the New York Guard, whether or not the National Guard had been called into federal service. Id. § 2, 1951 N.Y. Laws at 68. Today, when organized, the New York Guard is a part of the State's organized militia. Military Law §§ 2(1) (organized militia is composed of New York army national guard, New York air national guard, inactive national guard, New York naval militia, and New York Guard when duly organized), 44 (New York Guard, when duly organized, is reserve land force of organized militia).
B. Article III, Section 7 of the New York Constitution
Before 1938, the Constitution required a legislator to vacate his or her seat only upon accepting appointment to a federal or city office, not to a state office:
 [I]f any person shall, after his election as a member of the Legislature, be elected to Congress, or appointed to any office, civil or military, under the government of the United States, or under any city government, his acceptance thereof shall vacate his seat.
N.Y. Const. of 1894, art. III, § 8.
The 1938 Convention expanded the reach of article III, § 7's prohibition against appointments to second offices by adding state offices. Delegates to the Convention considered the intended scope of this amendment, as excerpts from the debate indicate:
Mr. Ross: On page 2 of the proposed bill it reads: "If a member of the Legislature be elected to Congress, or appointed to any office, civil or military, under the government of the United States," and so forth. Does that mean a [federal] reserve officer is ineligible to be a legislator?
. . .
 Mr. Fearon: I understand there is no change in the existing provision in the Constitution as far as the eligibility of members in the reserve force for election to the Legislature is concerned. That same provision was taken up to the Appellate Division in the Fourth Department ten years ago in the case of Benson [Matter of Flynn, 203 App. Div. 839
(4th Dep't 1922)] who was a candidate for a member of the Assembly, and there it was held he was not barred by that, and he was eligible for election as a member of the Legislature.
. . .
 Mr. Ross: Mr Chairman, my point in raising the question is to show the intent of this body.
 Mr. Fearon: I think it is a safe statement to say as far as that is concerned, there is no intention to change the existing provision of the Constitution.
 Mr. Ross: Mr. Chairman, in answer to Senator Fearon, I want to say that there is a slight change in this proposed amendment. It says on the second page, "If a member of the Legislature be elected to Congress, or appointed to any office, civil or military, under the government of the United States, the State of New York, or any city government." The "State of New York" has been added thereto.
Mr. Fearon: That is right.
 Mr. Ross: Well, if there is any reason in the language it would seem to indicate it was definitely intended that a person who accepted a military office in the State of New York was ineligible. That is what the language seems to mean to me.
 Mr. Fearon: I do not think so. I think the question is that a man might be elected, he might be elected, say, a Supreme Court judge, or might be appointed, not elected, he might be appointed a Supreme Court judge, to fill a vacancy. That would be a State office. He would have his choice: he could not be a member of the Legislature and a Supreme Court judge, and he ought not to be.
Mr. Ross: That is right.
 Mr. Fearon: I do not think anybody is shooting at the military; they do not dare.
 Mr. Ross: I do not say they are. But what I want to make sure of is that this section does not include it. It seems to me the language there is too broad, that it does include any office in the military service of the State, and it says so very distinctly, that if you accept a civil office or military office under the United States or the State of New York, you are debarred.
 Mr. Fearon: If you do not like it, why don't you just amend it to provide for any civil office? Strike out the words "office, civil or military", and substitute the words "civil office".
 Mr. Ross: I assume that the reason that that section was put in there originally in the old Constitution is because at that time there was no federalized National Guard, and no reserve officers, and what they were attempting to do was to prohibit persons in the permanent service of the United States military from receiving State office. But this language if adopted would apply to any military organizations that are in existence, and it seems to me, it would be very questionable, to say the least.
. . .
 Mr. Riegelman: I had understood that you were going to offer an amendment which would permit a member of the Legislature to continue in office notwithstanding the fact that he held a reserve commission in the United States army or was a member of the State or naval militia. Are you going to put that in?
 Mr. Steingut: You are right, Mr. Riegelman. I will prepare such an amendment . . . .
. . .
 The Chairman: The Secretary will read the amendment by Mr. Steingut.
 The Secretary: By Mr. Steingut. Page 2, line 4, after the comma, insert in italics, "except as a member of the National Guard or Naval Militia of the State or of the reserve forces of the United States."
. . .
The Chairman: . . . The amendment is carried.
New York Constitutional Convention, Revised Record, April 5th to August 26th, 1938 at 1167-68, 2386-87 (1938).
II. Analysis
 A. Service in the New York Guard as "Appointment to a Military Office"
The first question we address is whether officers or enlisted members have been "appointed to any office, civil or military, under the government of . . . the state of New York." N.Y. Const. art. III, § 7. If so, then unless an exception applies, a legislator may not accept such an appointment without vacating his or her seat. The question must be analyzed separately for officers and enlisted members.
We believe that, by definition, enlisted members do not hold a military office. The Military Law contains different provisions governing "officers" and "enlisted personnel" of the organized state militia. See Military Law Article III (militia officers) and Article IV (enlisted personnel), applicable to the New York Guard as a force of the organized militia. This distinction, formerly made in the Constitution, preceded and was continued in article XII ("Military") of the 1938 Constitution. See 1938 N.Y. Const. art. XII, §§ 2 (enlistment), 4 (appointment of adjutant-general and major-generals), and 5 (appointment of other officers). We believe that the meaning of "military office," when used in article III of the 1938 Constitution, reflected the use of that term in article XII of the same Constitution. This is consistent with what you tell us has been the historical understanding that enlisted members of the New York Guard are not considered appointed state military officeholders. Thus, enlisted members of the New York Guard do not fall within the operation of article III, section 7 and a legislator may enlist in the New York Guard without vacating his or her seat under that provision of the Constitution.
The question remains, however, whether officers of the New York Guard are appointed. We believe that they are. By statute, the Governor appoints both commissioned and warrant officers to the New York Guard; some high-ranking officers are also subject to Senate confirmation. Id. §§ 70, 79. We therefore concur with what you inform us has been the historical understanding that officers in the New York Guard hold appointed state military offices. Cf. People ex rel. Ward v. Drake, 43 App. Div. 325, 327
(4th Dep't 1899), aff'd, 161 N.Y. 642 (1900) (a person holding a military commission is an officer within the operation of a statute prohibiting the acceptance of a second public office).
B. Exception Clause
 1. New York Guard as Part of "National Guard"
It has been suggested that the New York Guard is a component of the National Guard, and therefore is included in the exception to the prohibition on holding appointed military offices ("except as a member of the national guard or naval militia of the state"). We do not believe that this is so. The New York Guard is, and always has been, legally distinct from the National Guard. See, e.g., 1917 Op. Att'y Gen. 330, 334-35. Although in some respects the two organizations are similar, see, e.g.,
Military Law § 170 (members of the New York Guard generally have the same duties, privileges, and immunities as members of the National Guard), and the Governor may transfer members of the National Guard to the New York Guard, id. §§ 167-168, we believe that the Constitution's specific reference to the National Guard cannot fairly be deemed to include the New York Guard when the two are (and historically always have been) distinct military entities.
 2. Subsequent Status of New York Guard as Part of Active State Militia
The debate of the 1938 Constitutional Convention reveals that delegates considered the application of this provision to the members of the state militia. The discussion of the amendment clearly indicates that it was not intended to apply to officers in the state militia. At the time the Convention proposed this amendment, however, the New York Guard, while statutorily recognized, see id. §§ 40-44, had been discontinued and was not part of the active militia of the State. See
Military Law § 5 (McKinney 1944) (the active State militia "shall consist of the organized and uniformed military forces known as the national guard, and of the organized and uniformed naval forces known as the naval militia"); id. § 40 ("When the national guard shall have been returned to its former [state] status . . ., the governor shall, in orders, designate a date upon which the New York guard shall be discontinued").
Article III, section 7 expressly excepts only members of "the national guard or naval militia of the state" from the prohibition on holding both a seat in the Legislature and another state office. But it is appropriate to construe the exception clause as applying also to officers in the New York Guard, in order to comport with the intent of the drafters of the provision. See Ginsberg v. Purcell, 51 N.Y.2d 272, 276 (1980) (the Constitution is to be construed to give its provisions practical effect, so that it receives a fair and liberal construction, not only according to its letter, but also according to its spirit and the general purposes of its enactment). This construction is consistent with section 7's purpose of prohibiting a member of the Legislature from holding a second civil office or an office in the federal military (except as a member of the reserves), while fairly reflecting the New York Guard's current status as a unit of the organized state militia. Indeed, we suspect that omission of an explicit reference in section 7 to the New York Guard was inadvertent, since the New York Guard (but not the New York National Guard or the Naval Militia) was in deactivated status at the time of the 1938 Convention.
Moreover, the concern underlying the original adoption of article III, § 7's prohibition was that members of the state Legislature who also served in a federal office would allow federal concerns to influence their state decisions. See
New York Constitutional Convention, Reports of the Proceedings and Debates of the Convention of 1821, at 426-28 (1821); Report of the Debates and Proceedings of the Convention for the Revision of the Constitution of the State of New York, at 436 (1846) (statement of Mr. Taylor). The exception clause now explicitly allows members of the Legislature to serve in the National Guard and Naval Militia, and such members are subject to either direction by state officials or federalization and consequent direction by the federal government. To interpret the exception clause to prohibit members of the Legislature from serving as officers in the New York Guard, where they are subject always to the direction of state officials, while allowing members to serve in militia units subject to state direction and potentially subject to federal direction, would be an absurd result. SeeNew York State Bankers Ass'n v. Albright, 38 N.Y.2d 430, 436-37
(1975) (purpose of enactment may be considered when application of literal language would lead to absurd result).
Thus, in response to your first question, we conclude that a member of the Legislature may serve as an officer in the New York Guard without vacating his or her legislative office. Because this exception clause does not limit the receipt of compensation, in response to your second question, we conclude that he or she may also accept military compensation paid by the State. In light of these conclusions, we need not consider your remaining questions.
Very truly yours,
ELIOT SPITZER, Attorney General
[1] You have explained that all orders and regulations pertaining to the governance of the state organized militia are promulgated by the Adjutant General "by command of the Governor," pursuant to Military Law § 3. That the creation of New York Guard was by order of the Governor was recognized by the Legislature in enacting subsequent legislation continuing the New York Guard. See Act of April 16, 1918, ch. 239, 1918 N.Y. Laws 883, 883-84 ("The military forces which have been organized by order of the governor . . . designated as the New York guard shall be continued . . . .").
[2] See Act of May 5, 1921, ch. 588, § 12, 1921 N.Y. Laws 1832, 1842-44; Act of March 22, 1934, ch. 84, 1934 N.Y. Laws 483; Act of April 29, 1941, ch. 874, 1941 N.Y. Laws 2012; Act of May 21, 1942, ch. 911, 1942 N.Y. Laws 2005; Act of March 23, 1944, ch. 294, 1944 N.Y. Laws 654; Act of April 5, 1947, ch. 635, 1947 N.Y. Laws 1216; Act of March 12, 1948, ch. 201, 1948 N.Y. Laws 547; Act of April 20, 1950, ch. 825, §§ 5-7, 1950 N.Y. Laws 2304, 2323-24.
[3] The New York National Guard may be called to serve as a component of the federal military forces. See 32 U.S.C. § 102
(authorizing federalization of state National Guard units as necessary for the national security). The New York National Guard must comply with federal requirements in order to receive federal benefits. See id. § 108. The New York National Guard also is a force of the State's organized militia. See Military Law § 2(1).