In the Matter of JOSEPH P. PFINGST, Respondent, *v.* ARTHUR LEVITT, as Comptroller of the State of New York, et al., Appellants.

Third Department, April 11, 1974.

158

Louis J. Lefkowitz, Attorney-General (Thomas P. Zolezzi and Ruth Kessler Toch of counsel), for appellants.

Joseph P. Pfingst, respondent in person.

Per Curiam. This is an appeal from a judgment of the Supreme Court at Special Term entered June 29, 1973 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel appellants to audit and pay petitioner the compensation fixed by law for the office of Justice of the Supreme Court, less any salary installments, the payment of which appellants were required to hold in abeyance by order of the Court on the Judiciary.

No issue is raised on this appeal regarding petitioner's entitlement, on the merits, to his salary for the period in question. Rather, the only issues presented are whether an article 78 proceeding is proper where petitioner seeks to recover unpaid salary from the date of his Federal felony conviction to the date of his suspension by the Court on the Judiciary and, if so, whether the proceeding was properly commenced within the four-month Statute of Limitations.

Appellants rely on *Friedman v. State of New York* (24 N Y 2d 528, app. dsmd. 397 U. S. 317) in support of their contention that petitioner seeks a money judgment for accrued salary and, as such, jurisdiction lies exclusively in the Court of Claims. In our judgment, however, *Friedman* is inapposite. There, a Supreme Court Justice who had been removed by the Court on the Judiciary filed a claim for salary *from the date of removal,*

contending that his removal was illegal and improper. It was held that the Court of Claims had jurisdiction of the claim for salary after removal (24 N Y 2d, at p. 536).

In the instant case, however, the claim is for salary for the period prior to suspension by the Court on the Judiciary, while petitioner was still a Justice of the Supreme Court. As a State officer he was entitled to compensation pursuant to section 7 of article XIII of the New York Constitution and appellants were required by law to audit and pay his salary (Judiciary Law, § 146; State Finance Law, §§ 6, 7, 8). Thus, an article 78 proceeding in the nature of mandamus to compel the performance of a duty enjoined by law was proper (CPLR 7803, subd. 1; *Board of Educ. of No. Colonie Schools, Newtonville v. Levitt,* 42 A D 2d 372, 374).

Since the proceeding was one in the nature of mandamus, the four-month Statute of Limitations did not begin to run from the date the salary checks were withheld as it would were the proceeding one to review a determination (cf. CPLR 217; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7804.02), but from time of refusal after demand (see *Matter of Central School Dist. No. 2 v. New York State Teachers' Retirement System,* 27 A D 2d 265, 267, affd. 23 N Y 2d 213; *Matter of Benvenga v. La Guardia,* 182 Misc. 507, 513-514, affd. 268 App. Div. 566, affd. 294 N. Y. 526). Here, the demand was made on January 2, 1973, and refusal followed on January 9, 1973. The proceeding, commenced on April 13, 1973, was therefore timely unless barred by laches for unreasonable delay in making the demand (*Matter of Central School Dist. No. 2 v. New York State Teachers' Retirement System, supra,* p. 268; see, also, *Austin v. Board of Higher Educ. of City of N. Y.,* 5 N Y 2d 430, 442). Petitioner alleges in his brief, without contradiction, that the delay of some seven months in making the demand was attributable to the wish of all concerned that no proceeding be commenced until the appeal from his conviction was resolved. Although the demand was made prior to the adverse resolution of the appeal, the proceeding itself was not commenced until nine days after the appellate ruling. Under all the circumstances, the delay was not unreasonable and therefore the doctrine of laches is unavailing as a bar to this proceeding.

The judgment should be affirmed, without costs.

Herlihy, P. J., Greenblott, Cooke and Sweeney, JJ., concur.

Judgment affirmed, without costs.