■ In the Matter of MICHAEL P. McMAHON, Appellant, v ARTHUR LEVITT, as Comptroller of the State of New York, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered September 11, 1973 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to direct the Comptroller to pay petitioner back salary alleged to be due him. The relevant facts are not disputed. Petitioner, who had been employed in the Department of Taxation and Finance, was suspended without pay pending a hearing. His suspension was based on charges of misconduct involving the forgery of lottery tickets for which he had been arrested. He ultimately pleaded guilty to one count of forgery, second degree. During the course of the disciplinary proceedings, petitioner, his attorney, and a representative of the Department of Taxation and Finance entered into a stipulation which provided for petitioner's resignation as of a certain date and which set the amount of back pay due and owing to him at $2,638.76. It further provided that the stipulation would not "be deemed any bar or restriction upon the maintenance of any action by the appropriate authorities of the State of New York to recover monies allegedly lost by the Lottery Division of the State of New York in connection with the forgery of any lottery tickets mentioned in the charges nor will this agreement constitute a waiver of any rights or defenses of the employee in any such subsequent proceeding." The State thereafter commenced an action in Supreme Court against petitioner and other coconspirators to recover the sum of $13,300, the amount which the authorities had been unable to recover after the forged lottery tickets had been redeemed. The instant article 78 proceeding was brought by petitioner pursuant to section 100 (subd [1], par [c]) of the Civil Service Law seeking the back salary owed to him under the stipulation which the Comptroller has refused to pay. Special Term dismissed the petition, without prejudice, pending a final determination of the State's Supreme Court action, concluding that the respondents' defense by way of recoupment was good since the State's cause of action arose out of the same transaction. Petitioner contends that the claim in the instant proceeding and that of the State's in its Supreme Court action arose from independent transactions, separate and distinct, and the State's defensive setoff cannot, therefore, be sustained on a theory of recoupment. He further maintains that since the State's claim, sounding in tort and not in contract, is not liquidated and fully matured, there is no right to set off such claim against petitioner's liquidated claim which is due and payable. These contentions cannot prevail. We agree with Special Term that the State's claim arose from the same transaction as petitioner's claim. As a result of petitioner's forgery he resigned his position on stipulation between the parties as to the amount of back pay owed to him. As a result of that same forgery, the State seeks to recover from petitioner and his coconspirators $13,300 which it wrongfully paid out. That the parties contemplated such action by the State can readily be ascertained

from a reading of the stipulation. If it is judicially resolved that petitioner owes the State any part of that $13,300, the State Comptroller is entitled to off set the amount concededly owed by the State to petitioner against such amount. (See *Williams Press v State of New York,* 45 AD2d 397, 402; *Capitol Distrs. Corp. v Kent's Rest.,* 173 Misc 827, 828.) It makes little difference whether or not the State's claim against petitioner has been reduced to judgment. In our view, Special Term properly dismissed the petition, without prejudice, pending the final determination of the State's action in Supreme Court. Judgment affirmed, without costs. Herlihy, P. J., Sweeney, Main and Larkin, JJ., concur; Kane, J., concurs in the result only.