Edward J. Amann, Jr., J.
The claimant, appearing pro se, seeks an order granting summary judgment pursuant to CPLR *690 3212. He alleges that only an issue of law exists and therefore, summary judgment may properly be granted.
The defendant, the State of New York, cross-moves pursuant to CPLR 2215 and CPLR 3211 (subd [a], pars 2, 5, 7) for an order dismissing the claim on the grounds that: (1) the court lacks jurisdiction over the subject matter; (2) the claim is barred by res judicata; and (3) the claim fails to state a cause of action.
The claimant, a former Justice of the Supreme Court of the State of New York, Tenth Judicial District, was suspended by a judgment of the Court on the Judiciary. He filed a claim to recover salary payments from May 15, 1973, the date upon which the notice of charges together with an order of suspension without pay were served upon him, up to December 29, 1973, the date upon which the judgment of the Court on the Judiciary was entered.
After having been served with the notice of charges, the claimant moved the Court on the Judiciary on May 23, 1973, for a clarification of the charges and for reconsideration of that portion of the court’s order of May 7 which provided that his suspension was to be without pay. On July 10, 1973, the Court on the Judiciary rendered an opinion granting the motion to reconsider, but adhering to its original decision on the issue of suspension without pay. (33 NY2d, at pp [a], [b].) In its decision, the court stated that the power to suspend a Judge against whom charges of misconduct had been filed, derives from article VI (§ 22, subd d) of the New York State Constitution and that the power carries with it the authority to withhold pay pending a hearing on those charges. On December 29, 1973, Judge Pfingst was ordered removed from office. (33 NY2d, at p [a].)
Prior to filing the instant claim, claimant had instituted a CPLR article 78 proceeding in 1973 to collect his salary, which was being withheld by the Comptroller. The Supreme Court of Albany County entered a judgment directing payment of the claimant’s salary as prayed for, excepting therefrom, however, that portion noted in the order of the Court on the Judiciary; (Sup. Ct., Albany County, June 29, 1973, Pitt, J.) The State appealed this decision, which was subsequently affirmed by the Appellate Division. (Matter of Pfingst v Levitt, 44 AD2d 157, mot for lv to app den 34 NY2d 518.) The claimant cross-appealed, but did not raise the issue of the Court on the Judiciary’s jurisdiction to withhold his salary during the *691 period of suspension. The State now argues that the issue of the authority of the Court on the Judiciary to suspend the claimant without pay was litigated before a court of competent jurisdiction and that therefore, the claimant is now estopped to relitigate that issue.
The State also argues that this court lacks jurisdiction over the subject matter of this action because: (1) the court’s jurisdiction extends only to salary disputes arising after removal; (2) the claimant has failed to establish his entitlement to his office, which is a prerequisite for maintaining an action for back salary; and (3) the prior judgment of the Supreme Court of Albany County, which was affirmed by the Appellate Division, Third Department, in Pfingst v Levitt (supra). The State quotes a portion of the court’s decision which distinguished the case before it and the case of Friedman v State of New York (24 NY2d 528, app dsmd 397 US 317). However, all that Pñngst held was that an article 78 proceeding was a proper means to compel payment of salary for the period prior to suspension. The ratio decidendi was that prior to suspension by the Court on the Judiciary, the claimant, was a State officer entitled to compensation under the New York Constitution; therefore, an article 78 proceeding in the nature of mandamus to compel performance of a duty was proper. Here, however, the claimant is seeking an award for salary which accrued after his suspension. Therefore, the court rejects the first of the State’s arguments that it lacks jurisdiction. (Friedman v State of New York, supra; Thaler v State of New York, 79 Misc 2d 621.)
Similarly, the court rejects the State’s second argument, which rests on Austin v Board of Higher Educ. of City of N. Y. (5 NY2d 430). In that decision the Court of Appeals held that employees must seek reinstatement to their former positions before they may maintain an action for back pay. The claimants in that case had argued that their dismissals were improper; therefore, it was incumbent upon them to establish their entitlement to their positions prior to their maintenance of an action for back pay. Here the claimant does not attack his dismissal, but only the authority of the Court on the Judiciary to suspend him without pay prior to his removal. The court, therefore, finds Austin clearly distinguishable.
The third argument, namely, that the judgment in Pfingst v Levitt (44 AD 2d 157, mot for lv to app den 34 NY2d 518, supra), is res judicata as to the issue of subject matter jurisdic *692 tion must also be rejected by this court. In distinguishing Friedman (24 NY2d 528, supra), the Appellate Division pointed out (p 159) "In the instant case * * * the claim is for salary for the period prior to suspension by the Court on the Judiciary”. The court clearly did not rule on the issue of whether it had jurisdiction to determine the salary rights for the period between the suspension and removal of the claimant. Therefore, the court finds that it has jurisdiction to determine the present claim. (Friedman v State of New York, supra; Thaler v State of New York, supra.)
In attempting to evaluate claimant’s rights to salary payments for the period of his suspension, the court must first determine whether or not that claim has previously been adjudicated. The State contends that the issue was resolved by the decision of the Supreme Court in Pfingst v Levitt (supra). The claimant argues that the issue was never adjudicated. He states that the decision at the Special Term "[Mjerely recognized the obvious fact that the remedy of mandamus did not lie to compel the comptroller to make salary payments after May 15th.” The court is in agreement with that statement. The decision of Mr. Justice Pitt in no way considered the merits of the claimant’s request for moneys due him, except to note that an order had been issued suspending the claimant without pay pending the conclusion of the proceedings before the Court on the Judiciary. (Record on Appeal, Albany County Clerk’s, Index No. 4319-73, p 74). That being the case, the claimant is free to pursue his claim in the only court in which the State has consented to be sued.
Having found that the Court of Claims has jurisdiction to entertain a claim for back pay and having found that the claim is not barred by res judicata, it only is for this court to decide if the claimant is entitled to his back pay.
The authority of the Court on the Judiciary to remove a Justice of the Supreme Court for cause after due notice and hearing derives from section 22 of article VI of the New York State Constitution. Subdivision d of the aforesaid section authorizes the court in its discretion to suspend the Justice from the exercise of his office pending the determination of the removal proceeding. While it is true that neither the State Constitution nor any statute specifically authorizes the withholding of salary during the course of the removal proceedings, it is also true that the framers of the Constitution gave this court broad powers. Section 22 of the Constitution merely *693 states that the court may remove a Judge for cause and does not attempt to define or limit any act or acts committed by a Judge which would be reason for removal. This is indeed a broad grant of authority. This court finds that inherent in this authority is the power to withhold salary payments pending removal. (Matter of Schweitzer, 29 NY2d, at p [b b].)
The claimant has argued that both section 25 of article VI and section 7 of article XIII of the Constitution prohibits diminution of a Judge’s salary while he is in office. The court agrees with this statement. However, neither section provides that compensation may not be suspended. To infer that any suspension is a diminution is to transmogrify the term. This is especially true in the present situation where the suspension order provided that the suspension without pay was: "subject to the right of Joseph P. Pfingst to receive the salary of his office during the period of this suspension in the event of the ultimate dismissal of the Charges herein preferred or to be preferred” (33 NY2d at p [k]). Therefore, any diminution resulted not from the suspension, but from the substantiation of the charges. It must also be mentioned that the purpose of these sections was to prevent the Legislature from influencing the judiciary by means of its power over the expenditure of public funds.
Therefore, on the basis of all of the above, the court finds that the claim fails to state a cause of action, in that the Court on the Judiciary lawfully exercised its authority to suspend a Judge without pay pending removal.
Accordingly, the claimant’s motion for summary judgment is denied, and the State’s cross motion to dismiss the claim is hereby granted.