■ In the Matter of BOARD OF EDUCATION OF THE SCOTIA-GLENVILLE CENTRAL SCHOOL DISTRICT, Appellant, v ALBERT SHAPIRO, as Commissioner of Finance and County Treasurer of the County of Schenectady, Respondent. — Appeals (1) from a judgment of the Supreme Court at Special Term (Cerrito, J.), entered June 25, 1980 in Schenectady County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel the performance of a statutory duty mandated by subdivision 4 of section 1330 of the Real Property Tax Law, and (2) from an order of said court, entered November 18, 1980 in Schenectady County, which denied petitioner's motion to reargue. The facts are largely undisputed. On August 28, 1978, petitioner issued a tax warrant to the district tax collector for the 1978-1979 school year in accordance with article 13 of the Real Property Tax Law. The tax collector returned to petitioner the tax roll and warrant together with an accounting showing $161,330.55 in unpaid school taxes. Petitioner compared the accounting received with the original tax roll and certified its accuracy as required by subdivision 2 of section 1330 of the Real Property Tax Law. Pursuant to this subdivision, petitioner then forwarded the certified accounting to respondent for reimbursement of the returned unpaid taxes. On April 2, 1979, respondent issued a check to petitioner as payment for the returned unpaid school taxes pursuant to subdivision 4 of section 1330 of the Real Property Tax Law. Because of various deductions for alleged overpayments of school taxes, petitioner was reimbursed only for $11,959.39 of the $161,330.55. On May 14, 1979, petitioner filed a notice of claim with the county for that portion of the unpaid taxes not reimbursed by respondent. On January 9, 1980, petitioner served a formal demand upon respondent to pay the full amount of unpaid taxes. Upon respondent's refusal, petitioner commenced the instant proceeding. Respondent moved to dismiss the proceeding, which motion was granted

upon the ground that the proceeding was barred by laches. Petitioner then filed a notice of appeal and moved for "reargument" of the motion. In support of its motion to "reargue", petitioner submitted an affidavit stating that because laches had not been specifically raised in respondent's notice of motion, petitioner had not had an opportunity to fully brief the issue and present its explanation for the delay in making a demand upon respondent. In its memorandum of law submitted in opposition to the motion to dismiss, petitioner gave a cursory explanation for the delay, submitting that any delay was caused by a change in attorneys and inherent delays in the decision-making process of a school board. The affidavit submitted in support of the motion for "reargument", however, detailed the above and added that the delay partially resulted from petitioner's difficulty in locating and researching certain records, and its belief that the problem could be resolved amicably. Since petitioner presented new proof to Special Term, its motion, although denominated a motion for reargument, was in actuality a motion for renewal, a denial of which is appealable (*Turkel v I.M.I. Warp Knits,* 50 AD2d 543; Siegel, New York Practice, § 254, pp 313-314). We agree with Special Term's conclusion that the instant proceeding is in the nature of mandamus and was, therefore, not barred by the Statute of Limitations (*Matter of Pfingst v Levitt,* 44 AD2d 157, 159, mot for lv to app den 34 NY2d 518). However, assuming *arguendo* that laches is available as a defense to this proceeding, we find in light of the details submitted to and considered by Special Term upon the motion to renew that Special Term abused its discretion by dismissing the petition on the ground of laches. Viewing the particular circumstances of the instant proceeding, we cannot conclude that petitioner's nine-month delay in making a demand was unreasonably protracted (see *Matter of Perry v Blair,* 49 AD2d 309, 315). During this period of time, petitioner changed attorneys, had records it felt relevant to the proceeding destroyed in a fire and made efforts to amicably resolve the dispute. Order entered November 18, 1980 reversed, on the law and the facts, without costs, and motion to renew granted, and, upon renewal, motion to dismiss proceeding denied; matter remitted to Special Term for further proceedings not inconsistent herewith, and leave granted to respondent to serve an answer within 10 days of the entry of the order herein. Appeal from judgment entered June 25, 1980 dismissed, as academic, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Weiss and Herlihy, JJ., concur.