■ In the Matter of 124 FERRY STREET REALTY CORP., Appellant, v LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, et al., Respondents. — Appeal from an order and judgment of the Supreme Court at Special Term (Miner, J.), entered January 28, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78 to direct the Comptroller of the State of New York to pay to petitioner the sum of $11,756.28, together with interest, representing the amount of a judgment obtained by petitioner for post judgment interest on a condemnation award. Pursuant to section 30 of the Highway Law, petitioner's real property in the City of Troy, New York, was appropriated by the State of New York on November 21, 1968. Subsequently, petitioner obtained a judgment against the State for damages resulting from said appropriation. Following payment of that judgment, petitioner, in an article 78 proceeding, challenged the State's computation of interest on the judgment and ultimately obtained a judgment for additional interest due in the amount of $11,756.28. Petitioner, in this proceeding, seeks to compel payment of that judgment, together with interest. Respondents asserted a counterclaim for alleged rentals due the State from petitioner for its postcondemnation use and occupation of the premises in the amount of $75,000, based on a monthly rental of $2,500 per month. A portion of these rentals was sued for in other actions now pending. However, in the counterclaim, respondents allege that for the period July, 1980 through November, 1980, a period not covered in those pending actions, petitioner owes the State rentals in the sum of $12,500. Inasmuch as there was no reply filed to the counterclaim, this portion of the debt for rental due must be deemed to be admitted and, as such, is fixed and certain. On this appeal, petitioner contends that Special Term erred in dismissing its petition because "The State's counterclaim for rent allegedly due and owing by petitioner is contingent and purely speculative". That is, "the legitimacy of the State's claim only accrues upon the entry of judgment". We disagree. The order and judgment entered at Special Term dismissing the petition should be affirmed. It is not necessary that the claims of the State set forth in the counterclaim be reduced to judgment before they can be asserted as a setoff against money due petitioners from the State (*Matter of Chase Manhattan Bank v State of New York,* 48 AD2d 11, affd 40 NY2d 590; *Matter of McMahon v Levitt,* 47 AD2d 976). In *Matter of McMahon v Levitt* (*supra,* p 977), this court, in rejecting the petitioner's contention that the claim of the State asserted as a setoff was "not liquidated and fully matured", stated that, "[i]t makes little difference whether or not the State's claim against petitioner has been reduced to judgment". Petitioner's reliance upon *Matter of Fehlhaber Corp. v O'Hara* (53 AD2d 746) is misplaced. In the instant case, unlike in *Fehlhaber,* the setoffs asserted by respondents constitute existing viable causes of action. In *Fehlhaber,* the State claimed only a "potential" counterclaim or setoff and the record failed to show its existence. Moreover, respondents have shown an independent right of setoff conferred upon the State by virtue of subdivision 13-c of former section 30 of the Highway Law (now EDPL 305, subd [B], eff July 1, 1978). Order and

judgment affirmed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Weiss, JJ., concur.