■ In the Matter of 3 LAFAYETTE AVENUE CORPORATION et al., Respondents, v COMPTROLLER OF THE STATE OF NEW YORK, Appellant.—Mikoll, J. P. Appeal from a judgment of the Supreme Court (Keniry, J.), entered October 16, 1991 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to direct respondent to make payments to petitioners in compliance with EDPL 304.

This litigation arises out of the appropriation of parcels of

property in Kings County (hereinafter the property) owned by petitioners, 3 Lafayette Avenue Corporation and Cobble Hill Center Corporation, and the propriety of the State's setoff against the compensation due petitioners. Karl Easton is president of both corporations and the stock of the two corporations is apparently owned by members of his immediate family.

In October 1986 the State commenced an action in Supreme Court, Kings County *(People v Brooklyn Psychosocial Rehabilitation Inst.)* alleging Medicaid and real estate fraud against, among others, Easton and petitioners. The action was tried before a Judicial Hearing Officer (hereinafter JHO) from April 1987 through February 1988. At the close of the trial the JHO reserved decision.

In April 1988 the State offered petitioners $4.55 million for the property, which the State had appropriated through eminent domain. In July 1988 petitioners and the State executed three agreements for advance payments pursuant to EDPL 304. In August 1988 petitioners brought claims in the Court of Claims for additional compensation for the appropriation. In October 1988 respondent approved the advance payments. On November 7, 1988 the Attorney-General certified them for payment. On the same day the JHO issued a decision in *People v Brooklyn Psychosocial Rehabilitation Inst. (supra)* finding that the State failed to meet its burden of proof. However, an order dismissing the complaint in *People v Brooklyn Psychosocial Rehabilitation Inst. (supra)* was not entered until May 6, 1991. The State appealed from that order.

Meanwhile, petitioners commenced this CPLR article 78 proceeding against respondent to compel the payment of the $4.55 million in advance payments due petitioners for the appropriation of the property. Respondent, claiming that a setoff was to be made based upon the State's potential recovery against Easton in *People v Brooklyn Psychosocial Rehabilitation Inst. (supra),* announced that the State did not intend to pay the advance payments. Respondent answered the petition and filed objections in point of law. Following petitioners' reply, Supreme Court ruled that respondent had refused to pay the advance payments without justification and that petitioners were entitled to judgment directing that respondent approve and process the payments (152 Misc 2d 108). Respondent appeals from the judgment entered on the ruling.

During the pendency of the instant appeal in this Court, the

appeal taken by the State in *People v Brooklyn Psychosocial Rehabilitation Inst. (supra.)* was decided by the Second Department *(People v Brooklyn Psychosocial Rehabilitation Inst.,* 185 AD2d 230) which, *inter alia,* reversed the judgment of Supreme Court, Kings County dismissing the complaint therein, and rendered judgment in favor of the State against "the defendant Karl Easton in the principal sum of $7,573,703, representing the proceeds of Medicaid fraud and treble damages pursuant to Social Services Law § 145-b" *(supra,* at 231). The Second Department further found that the State proved that the fraud "inured to the benefit of Easton and his family" and that "[t]hrough Easton's de facto control of the two realty corporations, which were ostensibly owned by his children, the family was personally enriched when the funds collected from the Medicaid fraud were paid in the form of grossly inflated rents" *(supra,* at 234, 235).

Respondent's contention that his refusal to pay was based on the proper exercise of his discretion because "* * * 'he has the right to offset any valid claim of the State against one to whom money under his control is due from the State' " is meritorious *(Williams Press v State of New York,* 45 AD2d 397, 403, *revd on other grounds* 37 NY2d 434, quoting *Matter of Capitol Distribs. Corp. v Kent's Rest.,* 173 Misc 827, 828). In light of the Second Department's decision in *People v Brooklyn Psychosocial Rehabilitation Inst. (supra),* petitioners' argument that the State's claim is only "contingent, possible and *in futuro"* *(Matter of Fehlhaber Corp. v O'Hara,* 53 AD2d 746, 747) is now academic *(see, Matter of 124 Ferry St. Realty Corp. v Lefkowitz,* 86 AD2d 928; *Matter of McMahon v Levitt,* 47 AD2d 976). Accordingly, the judgment of Supreme Court should be reversed and the petition dismissed.

Yesawich Jr., Crew III, Casey and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and petition dismissed. *[See,* 152 Misc 2d 108.]