■ In the Matter of MUTUEL TICKETS AGENTS UNION, LOCAL 23293, AFL-CIO, INC., et al., Respondents, v H. CARL McCALL, as Comptroller of the State of New York, Appellant, and STANDARDBRED OWNERS ASSOCIATION, INC., Respondent. [621 NYS2d 124] —Peters, J. Appeal from a judgment of the Supreme Court (Conway, J.), entered August 26, 1993 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to direct respondent Comptroller to make payment under the terms of an order and judgment of the Court of Claims.

Petitioners Roosevelt Raceway, Inc. and Roosevelt Raceway Associates, L.P. (hereinafter collectively referred to as RRI), along with petitioner Mutuel Tickets Agents Union, Local 23293, AFL-CIO, Inc. (hereinafter MTAU), commenced this proceeding pursuant to CPLR article 78 against respondents, the Comptroller and the Standardbred Owners Association, Inc. (hereinafter SOA), for a judgment in the nature of mandamus directing the Comptroller to make payment under the terms of an order and judgment of the Court of Claims. Pursuant to a 1982 contract, Connecticut agreed to pay a fee to RRI for the right to simulcast races from Roosevelt Raceway. From 1982 to 1987, New York taxed the revenue generated from such simulcasting. In 1987, the tax imposed by New York was declared invalid and a refund was ultimately remitted to RRI. After a refund of $2.3 million was paid, RRI interposed a claim for interest upon this amount. SOA, claiming that it had paid one half of the taxes imposed by the State, brought a separate action against RRI to get its share of the refund. At the time of the commencement of such suit by SOA, RRI had already spent the amount recovered from the State in its prior action.

To ensure that the interest now sought by RRI against the State would remain available, SOA sought to enjoin RRI from assigning its right to this interest money to MTAU pursuant to a stipulation of settlement which arose out of a separate

related lawsuit.* By decision and order dated June 27, 1991, Supreme Court, Nassau County, awarded injunctive relief to SOA upon a finding that SOA had prima facie proven its claim to no less than 50% of the interest due. Pursuant to such order, an escrow account was established under the joint control of SOA's counsel and the attorneys appearing for MTAU and the balance of the tax proceeds were directed to be paid into escrow.

In accordance with a stipulation settling RRI's claim for interest against the State, an order and judgment was entered in the office of the Clerk of the Court of Claims on August 19, 1992. It resulted in a judgment entered against the State for $638,732.76 plus interest which directed the State Comptroller to make payment to the order of the Clerk of the Court of Claims, that the Clerk of the Court of Claims deliver a check payable to the order of the respective attorneys for MTAU and SOA to the attorneys for RRI, and that such funds be held subject to further order of Supreme Court, New York County, in the actions brought by SOA against RRI, MTAU and MTAU's attorneys. Hence, the money which would otherwise have been paid to RRI was thereafter deposited into escrow pending resolution of the litigation commenced by SOA. Prior to the entry of the Court of Claims' order and judgment, the State and the Commissioner of Taxation and Finance commenced an action on December 20, 1989 against RRI and its surety to recover unpaid pari-mutuel taxes, interest and penalties for the years 1985 through 1988 (hereinafter the pari-mutuel litigation).

RRI and MTAU, joined by SOA, thereafter sued to compel the State to comply with the Court of Claims' judgment. In the answer to such petition, the State asserted its right to setoff based upon its anticipated recovery in the action against RRI. Supreme Court granted the petition and directed the Comptroller to make payment under the terms of the order and judgment of the Court of Claims entered August 19, 1992. The Comptroller appeals.

While we agree that the Comptroller has the right to offset any valid claim of the State against one to whom money under his control is due (see, Matter of 3 Lafayette Ave. Corp. v Comptroller of State of N. Y., 186 AD2d 301, lv denied 81

---

* Upon learning of this settlement, SOA commenced an action against MTAU, their attorneys and a separate entity, the sole shareholder of RRI's identically named predecessor, and moved in that action to enjoin any assignment of RRI's interest.

NY2d 705) and that such claim need not be reduced to judgment before the Comptroller can exercise such right *(see, Matter of 124 Ferry St. Realty Corp. v Lefkowitz,* 86 AD2d 928), the State may not justify nonpayment by such assertion on a claim that is "not only not due and payable, but contingent, possible and *in futuro" (Matter of Fehlhaber Corp. v O'Hara,* 53 AD2d 746, 747; *see generally, Matter of Trojan Hardware Co. v Bonacquisti Constr. Corp.,* 141 AD2d 278).

Here, the claim asserted by the State in the pari-mutuel litigation is vigorously contested by RRI. An Administrative Law Judge has already ruled against the State and Supreme Court has already dismissed various causes of action as being barred by the Statute of Limitations. While the decision rendered by Supreme Court allowed the State to amend its complaint to add claims for later years, both only the decision to amend and the decision dismissing the claims deemed barred by the Statute of Limitations are currently on appeal. With this procedural background, coupled with SOA's prima facie showing that it is entitled to a portion of such funds and that SOA is not a party to the State's pending action against RRI, we find that Supreme Court properly concluded that the claim is contingent and hence inappropriate for the assertion by the State of its right to setoff.

Since "[m]andamus lies to compel the performance of a purely ministerial act where there is a clear legal right to the relief sought" *(Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16) and compliance by a governmental entity with a judgment of the court of this State directing a body or officer to perform an act which is legally binding upon that body or officer is ministerial *(see, Henion v Comptroller of State of N. Y.,* 153 Misc 2d 977, *mod on other grounds* 197 AD2d 807), we find that Supreme Court's determination was, in all respects, proper.

We have considered the remaining contentions and find them either unnecessary for resolution or without merit.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.