■ THOMAS MORASH, Appellant, v STATE OF NEW YORK, Respondent. [703 NYS2d 55] —In a claim, *inter alia,* to recover damages for a permanent taking of the claimant's real property, the claimant appeals (1) from stated portions of an order of the Court of Claims (Silverman, J.), entered October 8, 1998, which, *inter alia,* allocated $460,121 of the second advance payment made to him to the first taking and allocated $68,754 of such advance payment to the second taking, (2), on the ground of inadequacy, from a judgment of the same court, entered October 20, 1998, which, *inter alia,* is in favor of the

claimant and against the State of New York in the principal sum of $775,000 as damages for the taking of the claimant's property, and fails to award interest from the date of the first taking on the portion of the second advance payment made for that taking, and (3), on the ground of inadequacy, from an additional judgment of the same court, entered October 20, 1998, which is in favor of the claimant and against the State of New York in the principal sum of $225,077 as an additional allowance for costs, disbursements, and expenses pursuant to EDPL 701.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgments are affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgments (*see,* CPLR 5501 [a] [1]).

Since the second advance payment agreement was ambiguous in that it did not specifically segregate the amount of moneys attributable to each taking, the court properly resorted to extrinsic evidence to discern the intentions of the parties (*see, Matter of Consolidated Mut. Ins. Co. [Levy],* 77 NY2d 144). However, the court should have determined the intentions of the parties based upon facts that were known at the time the agreement was entered into. Had the court done so, it would have concluded that only $37,325 of the $566,200 second advance payment was attributable to the first taking. This conclusion is supported by evidence that after the State's one and only appraisal with regard to the first taking, damages were assessed at $37,325, and further, that the interest the State paid on the balance of the second advance payment, to wit, $528,875, was calculated only from the date of the second taking.

The judgment nevertheless sets forth the correct amount to be awarded to the claimant, in light of the fact that the State Comptroller has the common-law right of setoff in order to collect a debt owed to the State, even where the State's claim has not been reduced to judgment or when the setoff is unrelated to the State's debt to the claimant (*see, Matter of 3 Lafayette Ave. Corp. v Comptroller of State of N. Y.,* 186 AD2d 301; *United States v Munsey Trust Co.,* 332 US 234, 239-240; Meehan, 1994 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 16A, EDPL 304, 1999 Pocket Part, at 35-36).

The claimant's remaining contentions are without merit. Bracken, J. P., Thompson, Friedmann and Smith, JJ., concur.