■ JEROLD S. SLATE, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 96573.) [728 NYS2d 523] —Cardona, P. J. Appeal from an order of the Court of Claims (Collins, J.), entered October 3, 2000, which, *inter alia*, denied claimant's motion for summary judgment.

In 1995, Lorenzo Brooks, a prison inmate, commenced an ac-

tion in the United States District Court for the Northern District of New York against Kirk Montgomery and other correction officers employed by the Department of Correctional Services. The Attorney General's office notified Montgomery that it would not be representing him, but the State would pay for private counsel pursuant to Public Officers Law § 17. Montgomery retained claimant, a private attorney, and the action was ultimately settled.

Claimant submitted 15 monthly vouchers for legal services provided between October 1995 and October 1996, totaling $211,045.44, which were paid by the Comptroller. Thereafter, claimant submitted additional vouchers for the period of November 1996 through February 1997 seeking payments for legal services and disbursements totaling $65,140.89. The Comptroller refused to pay that sum, resulting in the commencement of this action by claimant. In response to the State's motion to dismiss, the Court of Claims held that it had subject matter jurisdiction concerning determinations made by the Comptroller regarding the reasonableness of counsel fees paid pursuant to Public Officers Law § 17.

Thereafter, the State served an amended answer contending, *inter alia*, in its second affirmative defense, that claimant had "been paid an amount which exceeds by a large margin that which can be considered fair and reasonable compensation for his services." The amended answer also contained a counterclaim to recoup legal fees paid to claimant in the amount of $80,000. Claimant moved to dismiss the State's second affirmative defense and counterclaim pursuant to CPLR 3211 asserting, *inter alia*, estoppel and failure to state a cause of action. The Court of Claims denied that motion finding that the Comptroller's quasi-judicial review and payment of claimant's vouchers did not preclude the State from arguing that sums already paid, resulting from claimant's overbilling, could be recouped if the State prevailed at trial.

After the filing of a note of issue, further discovery and two intermediate appeals by the State to this Court (268 AD2d 857; 267 AD2d 839), claimant made various motions including leave to file a motion for summary judgment more than 120 days after the filing of his note of issue, for summary judgment as to liability and damages and to dismiss the State's affirmative defenses and counterclaim. The Court of Claims denied the motions finding that its two earlier decisions and orders, from which claimant did not appeal, constituted the law of the case with respect to the issues raised in claimant's motion for summary judgment. Claimant appeals.

Assuming, without deciding, that the orders of the Court of Claims denying the parties' earlier motions to dismiss "constituted the law of the case, this Court is not bound by that doctrine and may consider the motion on its merits" (*McNeil v Wagner Coll.*, 246 AD2d 516, 517; *see, Detko v McDonald's Rests.*, 198 AD2d 208, *lv denied* 83 NY2d 752). As a result, we turn to the issues at hand and initially address claimant's contention that "good cause" existed to permit consideration of his belated motion (*see*, CPLR 3212 [a]).

A trial court has discretion to consider a motion for summary judgment made more than 120 days after the filing of the note of issue for "good cause shown" (CPLR 3212 [a]; *see, Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 128-129). Good cause to entertain a belated motion for summary judgment may be established by demonstrating (1) a reasonable excuse for the delay (*see, La Duke v Albany Motel Enters.*, 282 AD2d 974), (2) arguable merit (*see, McKay v Ciani*, 280 AD2d 808, 809; *Rossi v Arnot Ogden Med. Ctr.*, 252 AD2d 778, 779-780), and (3) the absence of prejudice (*see, La Duke v Albany Motel Enters., supra*, at 974; *Rossi v Arnot Ogden Med. Ctr., supra*).

As an explanation for the delay, claimant states that he was unable to obtain the deposition of the auditor from the Comptroller's office until more than 120 days after the filing of his note of issue due to an outstanding order of the Court of Claims which directed further discovery and set the deposition of the State's representative for June 6, 2000. Since this is a valid explanation, we find the delay excusable.

Next, an examination of claimant's submissions on their face reveals that his summary judgment motion is supportable under the law and, therefore, arguably meritorious. Finally, there is no showing of prejudice to the State. Therefore, we find that claimant has established good cause for consideration of his belated motion for summary judgment. We turn next to the merits of that motion.

Claimant contends that the Comptroller's lawful audit and payment of his vouchers is not subject to collateral attack by the State. His reliance upon *People v Sutherland* (207 NY 22) and other related cases, however, is not appropriate in the instant case. A reading of that decision reveals that the Court of Appeals excepted from the doctrine of the conclusiveness of an audit, those audits which contained "charges illegal upon their face or charges clearly prohibited by law" (*id.*, at 27). We note that the State's obligation to pay counsel fees and litigation expenses under Public Officers Law § 17 is limited to those costs which are "reasonable" (Public Officers Law § 17 [2] [b]).

Fees and expenses which are unreasonable are "clearly prohibited by law" (*People v Sutherland, supra,* at 27). Therefore, if the State can prove that the Comptroller's audits and payments of claimant's vouchers contained payments for unreasonable legal fees and expenses, their "validity may be controverted notwithstanding the audit[s]" (*id.,* at 28).

Claimant also advances the argument that the doctrine of estoppel precludes the Comptroller from examining the reasonableness of claimant's total bill. The general rule is that "[a]bsent an unusual factual situation, 'estoppel is not available against a governmental agency engaging in the exercise of its governmental functions' " (*Advanced Refractory Technologies v Power Auth.,* 81 NY2d 670, 677, quoting *D'Angelo v Triborough Bridge & Tunnel Auth.,* 65 NY2d 714, 715-716). The Comptroller's exercise of his audit power is a governmental function (*see,* NY Const, art V, § 1). We perceive no unusual factual situation under the circumstances here that calls for a different result. Thus, we conclude that estoppel is inapplicable.

We next address claimant's assertion that the State's affirmative defenses and counterclaim must be dismissed. We note that "the Comptroller has the right to offset any valid claim of the State against one to whom money under his control is due * * * and that such claim need not be reduced to judgment before the Comptroller can exercise such right" (*Matter of Mutuel Tickets Agents Union v McCall,* 210 AD2d 845, 846, *lv denied* 86 NY2d 703 [citation omitted]). Therefore, we find that the State could properly offset claimant's alleged overbilling as an affirmative defense and, in addition, seek recoupment by way of a counterclaim since the Court of Claims has subject matter jurisdiction to entertain it (*see,* Court of Claims Act § 9 [3]; *Matter of William J. Murphy, P. C. v State of New York,* 157 AD2d 155, 156, *lv denied* 76 NY2d 715).

Finally, inasmuch as the State's submissions are sufficient to raise a question of fact as to the reasonableness of the hours spent by claimant defending the underlying Federal action, thereby precluding summary judgment, we conclude that claimant's belated motion for summary judgment was lacking in merit. Therefore, it was properly denied.

We have considered claimant's other contentions and find them to be unpersuasive or lacking in merit.

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.