In the Matter of NORTHVILLE INDUSTRIES CORPORATION, Respondent, v STATE OF NEW YORK et al., Appellants. [788 NYS2d 464]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), entered September 12, 2003 in Albany County, which, inter alia, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to issue payment to petitioner to satisfy a judgment of the Court of Claims.

Petitioner commenced this CPLR article 78 proceeding in the nature of a mandamus seeking to compel respondents to pay an April 2002 judgment rendered by the Court of Claims in a condemnation proceeding. Specifically, petitioner had been awarded $547,083, plus interest, for the appropriation by respondent State of New York of petitioner's Nassau County property for a road-widening project. Supreme Court granted the petition, ordered respondents to issue payment to satisfy the judgment and further dismissed respondents' counterclaim alleging entitlement to a $321,778 setoff for petroleum contamination and remediation costs expended to clean up the parcel, a former gas station, in 1994. Respondents appeal.

Respondents first contend that they are entitled to a judgment on their counterclaim because petitioner defaulted by not asserting a reply to it. We are unpersuaded as the record clearly contains a timely response by petitioner to respondents' counterclaim seeking a setoff. While petitioner may not have specifically disputed the precise remediation figure advanced by respondents in the counterclaim, it most assuredly disputed respondents' ability to seek any setoff whatsoever in this forum and further alleged that the claim itself was "contingent and speculative." In sum, no default has occurred.

Next, as the State has not yet sought to recoup the remediation costs in a separate action under the Navigation Law, we find no error in Supreme Court's rejection of the request for a setoff in this proceeding (*see generally Matter of City of New York v Mobil Oil Corp.*, 12 AD3d 77 [2004]). Indeed, while respondent Comptroller has the right to offset a valid claim of the State (*see e.g. Slate v State of New York*, 284 AD2d 767, 770 [2001]; *Morash v State of New York*, 268 AD2d 510, 511 [2000], *lv denied* 95 NY2d 755 [2000]; *Matter of Mutuel Tickets Agents Union, Local 23293, AFL-CIO v McCall*, 210 AD2d 845, 847 [1994], *lv denied* 86 NY2d 703 [1995]), including a claim awarded in a condemnation proceeding (*see Matter of City of New York [United States of Am.—Coblentz]*, 11 AD2d 240, 248 [1960], *affd* 12 NY2d 1051 [1963]), the setoff must be "due and payable [as opposed to] contingent, possible and *in futuro*" (*Matter of Fehlhaber Corp. v O'Hara*, 53 AD2d 746, 747 [1976]; *accord Matter of Mutuel Tickets Agents Union, Local 23293, AFL-CIO v McCall, supra*). In light of the fact that the State's outstanding Navigation Law claims against petitioner have not been resolved in the appropriate forum, respondents' counterclaim cannot be considered due and payable but rather contingent, possible and in futuro (*cf. Matter of 3 Lafayette Ave. Corp. v Comptroller of State of N.Y.*, 186 AD2d 301 [1992], *lv denied* 81 NY2d 705 [1993]).

As a final matter, although petitioner is indeed entitled to mandamus relief for payment of the judgment in the condemnation proceeding (*see Matter of Mordecai v State of New York*, 140 AD2d 782 [1988]), petitioner does not dispute that it is liable for remediation costs associated with the parcel and it agreed during oral argument of this matter to place the disputed sum in escrow pending resolution of that separate matter. Even in the absence of such concession, we would remit the matter to Supreme Court with an instruction that the sum of $206,386, plus interest, be deposited into court pending resolution of a

Navigation Law proceeding (*see* CPLR 2601; *see also Matter of City of New York v Mobil Oil Corp., supra*).*

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as granted petitioner's application unconditionally without a setoff; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

* The amount allegedly expended for remediation was $321,778. This is nearly three times the $115,392 estimate which the State has already recouped from petitioner in the form of a setoff. Thus, with respect to the Navigation Law dispute, at issue is $206,386 in unreimbursed remediation costs.