OPINION OF THE COURT
Anthony J. Paris, J.
By order to show cause and verified petition filed on the 10th *719 day of October, 2008, petitioner commenced this CPLR article 78 proceeding in the nature of mandamus seeking to compel respondents to take the necessary measures to pay and satisfy the judgment rendered against respondent, New York State Thruway Authority (hereinafter NYSTA), in favor of petitioner in the New York State Court of Claims. Said judgment under claim No. 112934 was entered on April 21, 2008. Petitioner also seeks sanctions and attorneys fees from respondents.
Respondents were duly served with moving papers and the matter was returnable before this court on November 19, 2008. In response to petitioner’s article 78 petition, respondents were to either submit a verified answer with objections in point of law or make a motion to dismiss. (CPLR 7804 [e].) Respondents did neither. Rather, respondents only submitted an attorney’s affirmation in opposition to the petition.
On such a set of circumstances, the court, in its discretion, could either enter a default judgment against respondents or order respondents to interpose a verified answer to the petition. On the original return date, after hearing oral arguments by respective counsel, the court, upon inquiry of the Assistant Attorney General, ascertained that the failure to interpose a verified answer was not intentional. Therefore, for the court to have granted a default judgment against respondents would have been an abuse of the court’s discretion. (Matter of Castell v City of Saratoga Springs, 3 AD3d 774 [3d Dept 2004].)
The court ordered respondents to submit a verified answer on or before November 26, 2008. Respondents’ counsel advised the court that a verified answer would be filed, but it would contain the same matters set forth in the affirmation in opposition. Respondents, in fact, timely interposed a verified answer to the petition and true to the representation of counsel, the answer verified by the attorney contained the same information previously set forth in his affirmation.
Petitioner has served a verified reply.
Petitioner, on October 26, 2006, filed a claim against respondent, NYSTA, to recover a balance due under a certain uncompleted work agreement. By decision and order entered April 11, 2008, petitioner’s motion for summary judgment was granted by Court of Claims Judge Francis T. Collins and petitioner was granted a judgment against respondent, NYSTA, in the amount of $111,090.32. Judge Collins also, at the time, denied respondent’s cross motion to amend its answer to assert a counterclaim for a setoff.
*720 This judgment was filed on April 21, 2008. Thereafter, respondent sought an order in the Court of Claims staying the enforcement of said judgment. On May 22, 2008, respondent issued a certificate of no appeal, in which it certified that no appeal would be taken from the decision of Judge Collins; however, respondent refused to process and pay the judgment while the motion to stay enforcement was pending before the Court of Claims.
By decision and order filed on July 31, 2008, Judge Collins denied respondent’s motion to stay enforcement. (See petitioner’s exhibit 6.) The basis of respondent’s request for a stay of enforcement was predicated on its premise that another action was pending in Supreme Court, Albany County, in which respondent seeks to recover money against petitioner and other parties concerning work performed on another contract concerning the same site. Judge Collins found that premise was without merit and, in denying respondents’ motion, ruled, “the fact that the request for a stay was made only after the entry of judgment makes clear that Defendant’s request is nothing more than an attempt to avoid enforcement of the judgment against it.” (See petitioner’s exhibit 6 at unnumbered page 4.)
Despite this denial, respondents, persisted in their refusal to process and satisfy petitioner’s judgment, compelling petitioner to initiate this “mandamus” proceeding before this court. In their answer, verified by the Assistant Attorney General assigned to this matter, and at oral argument when this matter came on to be heard, respondents again raised the contention of entitlement to a setoff. This court must agree with respondents that in his comprehensive and learned decisions, Judge Collins did not address the setoff issue itself, but rather the mechanism by which respondent, NYSTA, sought to assert its right to a set-off. Therefore, in fairness to the parties, this court will attend to the substance of respondents’ setoff assertion and its merits.
Contrary to petitioner’s contention, the raising of respondents’ setoff defense is not barred by the doctrine of res judicata and/or collateral estoppel.
The doctrine of res judicata precludes a party from relitigating a claim where a judgment on the merits exists from a prior action between the same parties, or those in privity with those parties. (O’Brien v City of Syracuse, 54 NY2d 353 [1981]; Tuper v Tuper, 34 AD3d 1280 [4th Dept 2006].)
The decisions handed down by the Court of Claims involving the same parties to this proceeding resolved only the procedural *721 issue of the amendment of an answer to assert a counterclaim, not the substantive resolution of the merits of the counterclaim itself, i.e., the right of offset. Therefore, res judicata does not apply.
The doctrine of collateral estoppel bars the relitigation of an issue that has previously been decided against a party in a proceeding in which said party has had a full and fair opportunity to litigate the issue. (Gilberg v Barbieri, 53 NY2d 285 [1981].) Under this doctrine, the identical issues must have been decided in a prior action and be decisive of the present action, and the party to be precluded from relitigation must have had a full and fair opportunity to contest the prior determination. (Kaufman v Eli Lilly & Co., 65 NY2d 449 [1985]; Vavolizza v Krieger, 33 NY2d 351 [1974]; O’Donnell v Ferguson, 23 AD3d 1005 [4th Dept 2005].)
As stated, there was never a previous decision on the merits of respondent’s claim of setoff, and the ruling that prevented the amendment of pleadings to assert respondent’s claim of a setoff prevented respondent from having the opportunity to litigate the issue. Therefore, collateral estoppel is likewise inapplicable to this matter.
There does not appear to be a disagreement between the parties that respondent, NYSTA, by contract has a right of setoff and that respondent, DiNapoli, as Comptroller, would consequently have a right to withhold payment. Rather, the disagreement between the parties is whether or not the right of setoff is applicable in this particular matter.
Respondents have a valid right to offset a valid claim of the State against a person or entity to whom funds under their control are due. Furthermore, such claim of the State does not need to be reduced to judgment prior to the exercise of such right. (Matter of 3 Lafayette Ave. Corp. v Comptroller of State of N.Y., 186 AD2d 301 [3d Dept 1992], lv denied 81 NY2d 705 [1993]; Matter of 124 Ferry St. Realty Corp. v Lefkowitz, 86 AD2d 928 [3d Dept 1982].) However, the setoff must be due and payable rather than contingent, possible, and in futuro. (Matter of Mutuel Tickets Agents Union, Local 23293, AFL-CIO v McCall, 210 AD2d 845 [3d Dept 1994], lv denied 86 NY2d 703 [1995]; Matter of Northville Indus. Corp. v State of New York, 14 AD3d 817 [3d Dept 2005].)
Unfortunately for respondents, the cases upon which they rely are totally distinguishable from the facts and circumstances of the matter presently before the court. The holdings in 3 *722 LaFayette (supra) and 124 Ferry St. (supra) were predicated upon valid claims of the State that were fixed and certain — a judgment in 3 LaFayette, and an admission (due to failure to reply) in 124 Ferry St. In the instant matter before this court, the amount sought by respondent, NYSTA, against petitioner in the Supreme Court, Albany County, action (New York State Thruway Auth. v C.O. Falter Constr. Corp.) is anything but fixed and/or certain.
In that lawsuit, petitioner is but one of five defendants who executed separate agreements with respondent, NYSTA, for work on a canal project. The damages that respondent has asserted against these defendants is the same amount with no apportionment among them. The Albany County Supreme Court action is still pending and being vigorously litigated by petitioner. It cannot unequivocally be said that respondent’s cause of action against petitioner in that action has any merit. And, finally, at this time, all that can be said of respondent’s claim against petitioner is that it is contingent, possible, and/or in futuro.
Therefore, by reason of the foregoing, and based on this entire record, the claim being asserted by respondent, NYSTA, against petitioner in the Albany County Supreme Court case (New York State Thruway Auth. v C.O. Falter Constr. Corp.) is hereby ruled to be contingent, possible, and/or in futuro in nature. On this basis, it is inappropriate for respondents to assert any right of setoff against the amount owed to petitioner pursuant to the judgment awarded petitioner by the Court of Claims, claim No. 112934.
Respondents are hereby directed to process and pay over to petitioner the full amount of said judgment plus all accumulated interest from April 21, 2008.